OTTMAR GEORGE STARK, Respondent, v. JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY OF BOSTON, MASSACHUSETTS, Appellant.

**St. Louis Court of Appeals, July 16, 1913.**

1. **INSURANCE: Construction of Policies.** The provisions of insurance policies are to be liberally construed in favor of the insured, and when the language is of doubtful import, or is susceptible of two interpretations, that construction is to be adopted which is most favorable to the insured.

2. **LIFE INSURANCE: Default in Payment of Premiums: Paid-up Policy: Policy Construed.** Under a life insurance policy, providing for the payment of a certain sum, upon satisfactory proof of the death of insured, less any indebtedness owing by insured to insurer, and further providing that if the third or subsequent annual premium should not be paid when due, insurer would ("there being then no existing indebtedness as aforesaid") continue the policy as paid-up insurance for a certain amount, an indebtedness owing insurer by insured, at the time of default in the payment of an annual premium, did not defeat the right to paid-up insurance; the quoted sentence not constituting a condition precedent, but merely providing for the deduction of any indebtedness owing by insured from the paid-up insurance, in the same manner that, under a previous clause, indebtedness is to be deducted from the amount of insurance which is payable in the event no default occurs.

Appeal from St. Louis City Circuit Court.—*Hon. George H. Shields*, Judge.

AFFIRMED.

*Leahy, Saunders & Barth* and *Block & Sullivan* for appellant.

(1) Policies of insurance, like other contracts, are to be interpreted as they read. Staluth v. Guaranty Co., 81 Mo. App. 632; Hoover v. Ins. Co., 93 Mo. App. 118; Carr v. Ins. Co., 100 Mo. App. 609; Webb v. Ins. Co., 134 Mo. App. 580. (2) And all provisions

thereof are to be given effect. Webb v. Ins. Co., supra; Lewis v. Ins. Co., 3 Mo. App. 372. (3) Nonpayment of premiums is a forfeiture of all rights except as the policy otherwise provides, and except as otherwise provided by statute. Insurance Co. v. Statham, 93 U. S. 31; Klein v. Ins. Co., 104 U. S. 91. (4) The nonexistence of any indebtedness against the policy, at the time of lapse, was a condition precedent to the paid-up policy contracted for. Hawthorne v. Ins. Co., 5 Mo. App. 74; 25 Cyc. 854; Whitaker v. Ins. Co., 133 Mo. App. 670; Jargoe v. Ins. Co., 123 Ky. Law Rep. 516; Ins. Co. v. Wieshes, 92 Tex. 470; Ins. Co. v. Buxer, 62 Ohio St. 385; Haynes v. Ins. Co., 124 N. Y. Supp. 797. (5) The plaintiff had the benefit of the reserve on his policy, less the indebtedness, in extended insurance. Capp v. Ins. Co., 117 Mo. App. 535. (6) The agent Raleigh had no power to bind the defendant by his construction of the contract. Thompson v. Ins. Co., 169 Mo. 23; Ins. Co. v. Wood, 32 Ky. Law Rep. 1123; Prine v. Ins. Co., 54 So. 548. (7) His statements were inadmissible and could not be the basis of an estoppel even though acted on, because made outside the scope of his authority. Lumber Co. v. Kreeger, 52 Mo. App. 422. (8) Unless plaintiff relied on the statement, to his hurt, there could be no estoppel, even though the statement was authorized. Blodgett v. Perry, 97 Mo. 272; Shields v. McClure, 75 Mo. App. 641; Trust Co. v. Horn, 83 Mo. App. 120.

*Jones, Hocker, Hawes & Angert* and *Vincent L. Boisaubin* for respondent.

(1) The parenthetical provision "'there being then no existing indebtedness as aforesaid,'" properly construed, operated as merely a lien on any amount payable under the policy; that is, the indebtedness, if any, is simply to be deducted from the sum agreed upon as paid-up insurance, because: (a) This construction is clearly in accord with the apparent intent

of the parties as shown by the whole instrument. Renshaw v. Ins. Co., 103 Mo. 595; St. Louis v. Railroad, 228 Mo. 735. (b) In case of doubt the provisions of a policy of insurance are to be liberally construed, against the insurer and in favor of the insured. Paper Stk. Co. v. Fid. & Cas. Co., 104 Mo. App. 157; Renshaw v. Ins. Co., 103 Mo. 595; Burnett v. Ins. Co., 68 Mo. App. 343; Ethington v. Ins. Co., 55 Mo. App. 129; Hale v. Ins. Co., 46 Mo. 508; Walton v. Ins. Co., 162 Mo. App. 316, 329; Life Ins. Co. v. Bouldin, 56 So. 609; LaForce v. Ins. Co., 43 Mo. App. 530. (c) It is the only construction consistent with the Revised Statutes of Missouri for 1909, secs. 6947 and 6949, relating to paid-up insurance. If appellant's construction be allowed, to-wit, that the right to paid-up insurance obtains only in the event that no indebtedness exists at the time of default, then the provision is for paid-up insurance on condition and is in contravention of the statutes and is void. Secs. 6947, 6949, R. S. 1909; Cravens v. Ins. Co., 148 Mo. 583; Whittaker v. Ins. Co., 133 Mo. App. 664; Paschedag v. Ins. Co., 155 Mo. App. 185; Assur. Soc. v. Clements, 140 U. S. 226. (d) If the phrase be construed as a condition at all, it is a condition subsequent which would work a forfeiture and provide a penalty where none is expressly stated. Forfeitures and penalties are not favored and will not be tolerated unless clearly and expressly provided for. They will never be imposed by construction. McFarland v. Accident Assn., 124 Mo. 204; Foglesong v. Modern Brotherhood, 121 Mo. App. 548; Ins. Co. v. Bank, 78 S. W. 1066; Ins. Co. v. Grigsby, 10 Bush (Ky.), 310; Ins. Co. v. Fort's Admr., 82 Ky. 269; Ins. Co. v. Curry, 72 S. W. 736; Cowles v. Ins. Co., 63 N. H. 300; Ohde v. Ins. Co., 40 Ia. 357; Bruce v. Ins. Co., 58 Vt. 253; Eddy v. Ins. Co., 65 N. H. 27; Matthews v. Modern Woodmen, 236 Mo. 326; Mears v. Maryland Cas. Co., 162 Mo. App. 178. (e) Contracts of insurance must be given a reasonable construction.

Appellant's construction is unreasonable since it would make the provision for paid-up insurance utterly nugatory in the event of the existence of any indebtedness, no matter how small. Gropper v. Ins. Co., 135 N. Y. Supp. 1028; St. Louis v. Railroad, 228 Mo. 712, 736; Lumber Co. v. Dent, 151 Mo. App. 614, 618; Zinc & Lead Co. v. Ins. Co., 152 Mo. App. 332. (2) The parties themselves so understood the language and construed the policy. When a contract is susceptible of the interpretation given it by the parties thereto, courts will not tolerate a rule of construction which might make of the policy a snare and trap for the unwary, but should adopt the parties' own construction. LaForce v. Ins. Co., 43 Mo. App. 530; Matthews v. Modern Woodmen, 236 Mo. 343; Packwaukee v. Bridge Co., 183 Fed. 359; Gas Light Co. v. St. Louis, 46 Mo. 121; Fuller v. Fid. & Cas. Co., 94 Mo. App. 390; Tetley v. McElmurry, 201 Mo. 382. (3) Raleigh was the agent of the insurer and had implied power to construe the policy. Nickell v. Ins. Co., 144 Mo. 426; Jackson v. Ins. Co., 27 Mo. App. 73; Campbell v. International Life, 4 Bosw. 310; James v. Mutual Reserve, 148 Mo. 11; Richards on Insurance (Ed. of 1911), sec. 168. (4) The letters of the agent introduced in evidence were properly admitted. They did not vary the contract but simply construed or explained doubtful terms therein. Hotchkiss v. Ins. Co., 76 Wis. 269; Ins. Co. v. Burnett, 136 Ill. App. 187; Gropper v. Ins. Co., 135 N. Y. Supp. 1028; Ins Co. v. Loan Assn., 43 N. J. L. 652. (5) The company, through the letters of its agent Raleigh, waived its right, if any it had, to claim that the policy provided for paid-up insurance only in the event that no indebtedness whatsoever existed; and is estopped from now asserting such a claim. Burdick v. Life Assn., 77 Mo. App. 629; James v. Life Assn., 148 Mo. 1; McMaster v. Ins. Co., 78 Fed. 33.

ALLEN, J.—This is an action on a policy of life insurance. Plaintiff recovered and defendant prosecutes the appeal.

On September 17, 1900, the defendant issued to one Albert E. Mumbrauer a twenty-payment life policy of insurance for three thousand dollars, payable to his wife, Nellie Mumbrauer, in consideration of an annual premium to be paid it of $86.10. On March 18, 1904, the insured and his wife, with the consent of defendant, for value received, assigned and transferred all of their interest in the policy to the plaintiff. It appears that seven annual premiums were paid, either by the insured or out of loans made by the company thereon. The eighth annual premium, which was due September 17, 1907, was not paid. At the time of said default in the payment of premiums, there was due the company for prior loans on the policy $216.56. The insured died January 29, 1910. On March 29, 1910, due notice and proofs of death of the insured were furnished defendant, and plaintiff demanded of it the payment of the sum of $945, the same being the amount of the paid-up insurance payable under the terms of the policy, as claimed by plaintiff, less the said indebtedness of the insured to the defendant of $216.56. The cause was tried before the court, without a jury, upon the pleadings and an agreed statement of facts, which we need not set out, together with certain letters offered by plaintiff and admitted in evidence. Plaintiff had judgment for $728.44, being the $945 paid-up insurance above mentioned, less the $216.56 indebtedness of the insured, with interest from March 29, 1912, the day upon which proofs of death of the insured were furnished, and demand for payment made. From this judgment the defendant has appealed to this court.

The question involved in the appeal relates to the construction to be placed upon that provision of the policy providing for paid-up insurance, upon which

plaintiff's right to recover is predicated. The portions of the policy here pertinent are as follows:

"In consideration of the representations and statements made in the application for this policy . . . and of the premium of eighty-six and 10/100 dollars, to be paid on or before the seventeenth day of September in each and every year. . . . The John Hancock Mutual Life Insurance Company insures the life of Albert E. Mur-brauer of Hermann, Missouri, in the amount of three thousand dollars, for the benefit of his wife, Nellie Mumbrauer, provided she survives him.

"And the said company promises to pay at its home office, in Boston, said amount to Nellie Mumbrauer if she survives him, otherwise to his executors or administrators, upon satisfactory proof of the death of the said insured, *deducting therefrom any indebtedness to this company of the other parties to this contract,* and the premiums, if any, for the balance of the policy year, subject to the following conditions:

"In case any subsequent premium is not paid when due, this policy shall become void except as hereinafter agreed. If the third or subsequent annual premium or installment thereon shall not be paid when due, the company will (*there being then no existing indebtedness as aforesaid*) after payment of premiums for . . . seven full years . . . without any action on the part of the insured, continue this policy as paid-up insurance for . . . $945."

The position of appellant is, that the words in parenthesis above, viz., "there being then no existing indebtedness as aforesaid," impose a condition upon the right of the holder of the policy to the amount of paid-up insurance which would otherwise be payable; that the right to paid-up insurance, under the terms of the policy, exists *only in the event that no indebtedness existed* at the time of default in the payment of the premiums. This respondent denies, his position being

that the provision in question operates merely to make any existing indebtedness of the insured a lien on the sum payable under the policy, to be deducted from the amount for which the policy is to be continued.

The lower court took respondent's view of this question, and that view we think is manifestly correct. The learned trial judge handed down a memorandum of his findings in the premises, and while the same is not before us in the abstract, it has been called to our attention by learned counsel for respondent, and we take the liberty of quoting therefrom as follows:

"It will be noted that the parenthetical sentence contains the words 'existing indebtedness as aforesaid,' referring evidently to something that was said before. Turning to what was said before, we find that the promise was to pay three thousand dollars upon proof of death, 'deducting therefrom any indebtedness to this company of the other parties to this contract and the premium, if any, for the balance of the policy year.' The words 'as aforesaid' refer to an existing indebtedness which should be deducted from the amount of the policy, and the conclusion is irresistible that the promise to continue the policy as paid-up insurance was also subject to the deduction of the 'existing indebtedness as aforesaid.' I have not the slightest doubt that the intention of the parties was (and I think they succeeded in stating it clearly) that if the policy was to be paid in full it was subject to the deduction for indebtedness, and that if the insured failed to pay premiums after the second payment he should have paid-up insurance, deducting the existing indebtedness. Any other construction would be 'a snare to the unwary,' which is denounced by the Court of Appeals in the case of LaForce v. The Williams City Insurance Company, 43 Mo. App. l. c. 530." . . .

"If it had been the intention of the company to render nugatory its promise to continue the policy as

paid-up insurance after two premiums had been paid, in the event there was existing indebtedness, it would have been easy to say so in unambiguous, unequivocal language.''

The views of the learned trial judge stated above are, in our opinion, entirely sound. Our courts have time and again declared that the provisions of a policy of insurance are to be liberally construed in favor of the insured, and when the language therein employed is of doubtful import or susceptible of two interpretations, that construction is to be adopted which is most favorable to the insured. [See LaForce v. Ins. Co., 43 Mo. App. 518; Foglesong v. Modern Brotherhood of America, 121 Mo. App. 548, 97 S. W. 240; Fairbanks Canning Co. v. London Guaranty & Accident Co., 133 S. W. 664, 154 Mo. App. 327; Roseberry v. American Benev. Assn., 142 Mo. App. 552, 121 S. W. 785; Walton v. Insurance Co., 162 Mo. App. 316, 141 S. W. 1138; Mathews v. Modern Woodmen, 236 Mo. 326, 139 S. W. 151; to which many authorities might be added.]

In La Force v. Insurance Co., supra, l. c. 530, it was said:

''A contract drawn by the insurer, who makes his own terms and imposes his own conditions, will not be tolerated as a snare to the unwary, and if the words employed of themselves, or in connection with other language used in the instrument or in reference to the subject-matter to which they relate are susceptible of the interpretation given them by the assured, although in fact intended otherwise by the insurer, the policy will be construed in favor of the assured. [Hoffman v. Ins. Co., 32 N. Y. 405; Reynolds v. Ins. Co., 47 N. Y. 597.]''

In Mathews v. Modern Woodmen, 236 Mo. l. c. 342, 344, the court through LAMM, J. said:

''Speaking to insurance contracts, it is a just and settled rule that their respective terms shall be taken most strongly against the insurer. The doctrine of

*contra pro ferentem* is strictly applied with unaccommodating vigor, and, as said, ambiguities are blandly resolved in favor of the insured. So that, if the contract in suit is open to two constructions, one favorable to the insured and one not, if the insured has acted on the favorable construction, courts will take his view of the contract. . . .

"When the nice points of learning of insurance law are considered, by and large, together with the complex nature of the subject-matter itself, dealing, as it does, with the capital event of death, and the protection of the widow and the fatherless, the lively and abiding concern of lawgiver and court is not to be wondered at. Policies are contracts elaborately and shrewdly prepared in advance by calculating and astute experts. They are tendered, ready-made, to and accepted out of hand by plain people, the uninformed and unlearned, the unwary and confiding. Insurance policies swarm with intricate technical provisions, stipulations, exceptions, conditions, provisos, limitations, hedging liability about and looking to its avoidance. It is not singular then that courts incline to pit judicial astuteness against the astuteness of the policy maker, the latter planting forfeitures in ambush or open, and the former striving to avoid them."

Here we are not called upon to attempt to pit judicial astuteness against the astuteness of the policy maker, for indeed, under the well-known rule of construction which obtains with respect to policies of insurance, the effect to be given to the language of the policy here under consideration is to our minds quite apparent. Construing together the provisions of the policy above quoted, as they must be construed, it is quite obvious that the parenthetical provision respecting paid-up insurance, viz., "there being then no existing indebtedness as aforesaid," relates to the earlier provision in the policy respecting the indebtedness to be deducted from the amount payable under the policy,

and is to be taken as meaning that such indebtedness is to be in like manner deducted from the amount of paid-up insurance which may be payable.

Any other construction would be a narrow and technical one, and would not accord with the evident intention of the parties as manifested by the instrument taken as a whole. And if the insurer did intend to rely upon this parenthetical provision to cut off any right to paid-up insurance in the event of any existing indebtedness, then the stipulation in question indeed becomes a trap and "a snare to the unwary," which the insurance company would not be permitted to enforce. To adopt the construction contended for by appellant would mean that although many premiums have been paid on such a policy, nevertheless, in case of default, no right to paid-up insurance exists if the insured is indebted to the company in any amount, however small. Had it been the insurer's intention to thus forfeit all right to paid-up insurance it would have been easy indeed to employ language to clearly and unequivocally express that intention. It is not so expressed in the contract before us, and an insurer will seek in vain to have the courts apply to such a contract as this, a construction that would lead to such absurd consequences.

The point is made by respondent that the construction contended for by appellant is made impossible by our statutes; and respondent also urges that appellant's right, if any, to insist upon the construction for which it contends was waived by the acts of a general agent of the company, having authority in the premises. We find sufficient in the policy itself, however, to sustain the finding of the trial court, and it becomes unnecessary for us to express our views upon these other questions. The judgment is affirmed.
*Reynolds, P. J.,* and *Nortoni, J.,* concur.