EMMA BOTHMANN, Appellant, v. METROPOLITAN
LIFE INSURANCE COMPANY.

Division Two, June 11, 1923.

1. **LIFE INSURANCE: Interpretation of Policy: Extended Insurance:
Surrender Value.** The terms of a policy of insurance, when doubt-
ful, must be construed in favor of the insured, and against the
insurer. Very slight conditions are sufficient to take a policy
from under the effects of Section 6154, providing for surrender
value, and to bring it under Section 6151, providing for extended
insurance.

2. ———: ———: **Surrender Value: Unconditional Provisions.** In
order to bring a life insurance policy within Section 6154, pro-
viding for the surrender of the policy for a cash surrender value
upon a failue to pay a premium on the date it becomes due, after
three annual premiums have been paid, the terms of surrender
must be unconditional and the paid-up insurance must be non-for-
feitable; and the surrender value, or a paid-up policy, to be
allowed an insured, is not unconditional, if there is any limita-
tion as to the time or circumstances under which it is to take
effect. If it is to become effective only upon certain stipulated
conditions, precedent or subsequent, or upon the existence of
certain facts, it is conditional and not within the terms of Section
6154, declaring that Section 6151, providing for extended insurance,
shall not apply 'if the policy shall contain a provision for an un-
conditional surrender value," etc.

3. ———: **Commutation: Non-forfeitable Statute: Application.** After
three annual premiums have been paid on a life insurance policy
clauses providing for surrender value or paid-up insurance will
not avail to make inoperative the non-forfeitable statutes unless
they automatically become operative at the moment of default.
The words "for the unconditional commutation of the policy for
non-forfeitable paid-up insurance" found in Section 6154 mean
that the vesting of the right to such paid-up insurance must not
only be unconditional, but must be automatic at the moment of the
lapse; otherwise, the non-forfeitable statute (Sec. 6151) pro-
viding for extended insurance applies.

4. ———: ———: **Option for Three Months After Default.** Stipula-
tions in a life insurance policy which presuppose that the insured
must not only have the right but the ability, for a period of three

months after default in payment of an annual premium when due, to choose one of three options specified therein, will not operate to deny to his beneficiary the extended insurance for the full amount commanded to be paid by Section 6151. The insured may die or become insane within three months, and consequently the right to paid-up insurance or surrender value does not become automatically unconditional upon default, and unless it does Section 6151 applies.

Transferred from St. Louis Court of Appeals.

REVERSED (*with directions for judgment*).

*James J. O'Donohoe* for appellant.

(1) The policy does not contain any stipulation "for the unconditional commutation of the policy for nonforfeitable paid-up insurance" within the meaning of Section 6154, Revised Statutes 1919. And plaintiff is entitled to the face amount of the policy, less the forborne premium at the time the insured died, with interest, damages and attorneys' fees. Cravens v. Ins. Co., 148 Mo. 583, 178 U. S. 389; Smith v. Ins. Co., 173 Mo. 329; McLeod v. Ins. Co., 190 Mo. App. 653; Gibson v. Assurance Co., 184 Mo. App. 656; Paschedag v. Ins. Co., 155 Mo. App. 185; Leeker v. Ins. Co., 154 Mo. App. 440; Whittaker v. Ins. Co., 133 Mo. App. 664. (2) The provision in the policy which defendant contends commutes the policy into unconditional nonforfeitable paid-up insurance begins with the word "If." "'If' may be a small word, but all know its meaning, and instead of a more formal phrase it is used in common language to express condition or limitation." Hence, for that reason alone, the clause in the policy is not unconditional. Robnett v. Ashlock, 49 Mo. 171, 175; Holmes v. Stanhope, 217 Pa. 63; Nelson v. Combes, 18 N. J. Law (3 Har.) 27, 36; Long v. Swindell, 77 N. C. 176; Buck v. Paine, 75 Me. 582, 588; 21 Cyc. 1724-5; Marschall v. Eisen Vineyard Co., 28 N. Y. Supp. 62, 63; Estate of Alexander, 149 Cal.

146; Barney v. Cuness, 68 Vt. 51; Colt v. Hubbard, 33 Conn. 281; Baum v. Rainbow Smelting Co., 42 Ore. 453, 463; 4 Words & Phrases, pp. 3383-3385; 2 Words & Phrases (N. S.) pp. 931-934. (3) The law does not favor forfeitures and among the general rules of construction are: (a) Liberal, favoring full, not partial indemnity; ·(b) inconsistent provisions, effect given to one most favorable to insured; (c) ambiguous or inaccurate language susceptible of two interpretations construed most favorably to insured. I Bacon (4 Ed.) secs. 218-221; 2 Bacon (4 Ed.) sec. 644; Mathews v. Modern Woodmen, 235 Mo. 342; Drucker v. Indemnity Co., 223 S. W. (Mo. App.) 989; Corbin v. Mystic Workers, 226 S. W. (Mo. App.) 64. (4) Non-forfeiture statutes and policy stipulations are favorites of the law. Montgomery v. Ins. Co., 14 Bush (Ky.) 51; Ins. Co. v. Jarboe, 102 Ky. 80; Ins. Co. v. Glover, 25 Ky. Law Rep. 1327; Nielson v. Assur. Soc., 139 Cal. 332; Lenon v. Ins. Co., 80 Ark. 563; Hazen v. Ins. Co., 170 Mass. 254; Carter v. Ins. Co., 127 Mass. 153; Ins. Co. v. Lyne, 26 Ky. Law Rep. 1070; Drury v. Ins. Co., 115 Ky. 681; Ins. Co. v. Miles, 23 Ky. Law Rep. 1705. (5) The decision of St. Louis Court of Appeals conflicts with Ross v. Ins. Co., 205 Mo. App. 243, and the conflict is violent.

*Fordyce, Holliday & White* for respondent; *William J. Tully* of counsel.

The policy in suit contained a provision for the unconditional commutation of the policy for non-forfeitable paid-up insurance of a net value greater than that provided for by the non-forfeiture statute, and therefore by the terms of Section 6154, Revised Statutes 1919, the non-forfeiture law did not apply to this policy, and the judgment of the court below allowing the plaintiff only the paid-up value of the policy was correct and should be affirmed. Nichols v. Mutual Life Ins. Co., 176 Mo. 355, 379; Price v. Insurance Co., 48 Mo. App. 281; Stark v. John Hancock Ins. Co., 176 Mo. App. 582; McCall v.

International Life Ins. Co., 196 Mo. App. 318; Fahle v. Insurance Co., 155 Mo. App. 15; 3 Joyce on Insurance (2 Ed.) sec. 1178a, note 14; Crook v. New York Life Ins. Co., 122 Md. 268; Sugg v. Equitable Life Ins. Co., 116 Tenn. 658; Mutual Benefit Life Ins. Company v. O'Brien, 116 S. W. 750; Balthaser v. Illinois Life Ins. Co., 110 S. W. 258; Jagoe v. Aetna Life Ins. Co., 123 Ky. 510.

WHITE, J.—This case was decided by the Saint Louis Court of Appeals (231 S. W. 1007) and certified to this court on the ground that the decision of that court was in conflict with a decision of the Kansas City Court of Appeals in case of Ross v. Capitol Life Insurance Company, 205 Mo. App. 243.

The suit is on a policy of life insurance by Emma Bothmann, beneficiary and widow of William Bothmann, the insured. The opinion of the Saint Louis Court of Appeals is very lucid and exhaustive and we take the liberty of quoting from it some of the facts there summarized from the record.

"Defendant, a life insurance company organized under the laws of the State of New York and doing business in Missouri, issued to William Bothmann on the 30th day of July, 1912, a policy of insurance in the sum of $1,000, in consideration of the payment of an annual premium of $15.19 due on the 30th day of July in each year. Six annual payments were paid on the policy, the last on the 30th day of July, 1917. The premium due on July 30, 1918, was not paid, nor were any premiums thereafter paid on the policy. Emma Bothmann, plaintiff, was the wife of the insured and the beneficiary of the policy. William Bothmann, the insured, died on or about December 3, 1918.

"On July 30, 1918, the date of the default, the policy had acquired a reserve or net value under the combined experience table of mortality at four per cent per annum of $42.60. In addition, said policy was en-

titled to a dividend of $2.97, which dividend had a reserve value of 87 cents, which gave to the policy a total reserve or net value of $43.47, and three-fourths of said reserve amounts to the sum of $32.60, which latter sum used as a net single premium for temporary insurance under the non-forfeiture laws of Missouri would purchase temporary extended insurance for the full amount, plus dividend additions, for four years and one hundred and sixty-four days from the date of the lapse.

. . . .

"At the date of the lapse, July 30, 1918, the policy under its terms had a cash value of $35, and was then entitled to a dividend of $2.97, making a total value of $37.97, which applied to the purchase of paid-up insurance according to the tables at $3\frac{1}{2}$ per cent interest, secured a paid-up value of $112.97, which was also greater than the paid-up insurance provided for by the non-forfeiture statutes."

I. The plaintiff claims the full amount of the policy, one thousand dollars, less the forborne premium, on the ground that she was entitled to extended insurance under the facts as recited in the first part quoted above.

**Unconditional Right.**

The defendant claims she was entitled to only $112.97, as paid-up insurance, in accordance with the facts recited in the second part of the above excerpt.

The Court of Appeals held that the defendant was correct in its interpretation of the insurance contract under our statutes, and that the defendant was liable only for the smaller sum, but reversed the case on the ground of an erroneous judgment for costs.

Under the rule announced by the Kansas City Court of Appeals in the Ross Case, it seems that the judgment should have been for one thousand dollars, the full amount of the policy.

These conflicting interpretations of the policy arise from a construction of the Missouri statutes, Sections

6151, 6152, 6153 and 6154, Revised Statutes 1919, because they provide certain conditions under which policies are not forfeitable for non-payment of premium.

Section 6151 contains the following:

"No policies of insurance on life hereafter issued by any life insurance company authorized to do business in this State, on and after the first day of August, A. D. 1879, shall, after payment upon it of three annual payments, be forfeited or become void, by reason of non-payment of premiums thereof, but it shall be subject to the following rules of commutation, to-wit: The net value of the policy, when the premium becomes due, and is not paid, shall be computed upon the actuaries' or combined experience table of mortality, with four per cent interest per annum, and after deducting from three-fourths of such net value, any notes given on account of past premium payments on said policy issued to the insured, and any evidence of indebtedness to the company, which notes and indebtedness shall be then canceled, the balance shall be taken as a net single premium for temporary insurance for the full amount written in the policy."

The section then provides the manner of computing the term of temporary insurance.

Section 6152 relates to the manner in which the policy-holder may receive a paid-up policy after three full annual premiums have been paid. Section 6153 says:

"If the death of the insured occur within the term of temporary insurance covered by the value of the policy as determined in Section 6151, and if no condition of the insurance other than the payment of premiums shall have been violated by the insured, the company shall be bound to pay the amount of the policy, the same as if there had been no default in the payment of premium, anything in the policy to the contrary notwithstanding."

The section then sets forth the manner of giving notice and making proof and provides for certain deductions.

In this case the net value of the policy was sufficient to constitute a premium for extended insurance beyond the term of the insured's life, and the plaintiff asserts that under the terms of Section 6151 and Section 6153 she was entitled to the full amount of the policy at the date of her husband's death by making the necessary proof. The defendant invokes the operation of Section 6154, as follows:

"The three preceding sections shall not be applicable in the following cases, to-wit: If the policy shall contain a provision for an unconditional surrender value, at least equal to the net single premium, for the temporary insurance provided for hereinbefore, or for the unconditional commutation of the policy for non-forfeitable paid-up insurance, or if the legal holder of the policy shall, within sixty days after default of premium, surrender the policy and accept from the company another form of policy, or if the policy shall be surrendered to the company for a consideration adequate in the judgment of the legal holder thereof, then, and in any of the foregoing cases, this article shall not be applicable: *Provided,* that in no instance shall a policy be forfeited for non-payment of premiums after the payment of three annual payments thereon; but in all instances where three annual premiums shall have been paid on a policy of insurance, the holder of such policy shall be entitled to paid-up or extended insurance, the net value of which shall be equal to that provided for in this article."

The question to be determined here is whether the policy provides for *"an unconditional commutation of the policy for non-forfeitable paid-up insurance"* on the default in the payment of a premium. In order to ascertain the effect of the policy in that respect it is necessary to set out some of its provisions, as follows:

*"Options on Surrender or Lapse.*—Upon failure to pay any premium or any part thereof when due, this policy, except as otherwise provided herein, shall immediately lapse. If, however, the lapse occur after three

full years' premiums shall have been paid, the owner hereof, provided there be no indebtedness hereon, shall, upon written request filed with the company at its home office, together with the presentation of this policy for legal surrender or for endorsement within three months from the due date of premium in default, be entitled to one of the following options:

"First—A cash surrender value, or the mathematical equivalent thereof, namely; . . .

"Second—To have the insurance continued in force for its original amount as term insurance from due date of premium in default, without participation and without the right to loan, and if the sum applicable to the purchase of such term insurance shall be more than sufficient to continue the insurance to the end of the endowment period named in the policy, the excess shall be used to purchase in the same manner non-participating paid-up pure endowment payable at the end of the endowment period and on the same conditions as this policy. The extended contract under this option may be surrendered for its full reserve at the date of such surrender; or

"Third—To have the insurance continued for a reduced amount of non-participating paid-up endowment insurance, payable at the same time and under the same condition as this policy, which paid-up insurance shall have an increasing cash surrender value equal to the full reserve at the date of surrender, or a loan value up to the limit of the cash surrender value, with interest payable in advance to the end of the policy year at the rate of five per centum per annum.

"If the owner shall not, within three months from due date of premium in default, surrender this policy to the company at its home office for a cash surrender value or for endowment for term insurance or paid-up insurance as provided in the above options, the insurance shall be continued for a reduced amount of paid-up insurance as provided in the third option.

"At the option of the company, the payment of the cash value may be deferred for a period not exceeding ninety days after the application thereof is received by the company.

"The values of these options shall be the entire reserve according to the American Experience Mortality Table with interest at three and one-half per centum, less a surrender charge not exceeding two and one-half per centum of the amount insured hereunder, which values so computed produce the results set forth in the table herein at the end of the respective years. Values for other years (after the twentieth), if any, will be computed upon the basis of the entire reserve without surrender charge and furnished upon request of the insured.

"Should surrender or default be at any other time than at the anniversary date of the policy, the values will be adjusted on account of the fractional part of the current annual premium actually paid before default.

"Any indebtedness to the company under this policy will be deducted from the cash value; and such indebtedness will also reduce the amount of paid-up insurance of the amount continued as term insurance and any pure endowment payable at the end of the endowment term, in such proportion as the indebtedness bears to the cash value at due date of premium in default."

In the agreed statement of facts it was admitted that neither the plaintiff nor William Bothmann surrendered the policy at its home office within three months of July 30, 1918, for cash surrender value, nor for endorsement of term insurance, or paid-up insurance as provided under the head of "options on surrender;" and at the death of William Bothmann the defendant tendered to plaintiff the sum of $112.97, which the plaintiff refused.

It was further admitted that the plaintiff gave due notice of her claim under said policy as provided in its terms, and proofs of death were either submitted or dispensed with within ninety days after the decease of the insured, which occurred December 3, 1918; and that prior

to the institution of the suit plaintiff duly demanded of
defendant the payment of the policy, less the forborne
premium, and defendant disclaimed liability under the
policy beyond $112.97.

The particular clause quoted above, in the policy
which the defendant claims brought it within the require-
ment of Section 6154, is as follows:

"If the owner shall not, within three months from
due date of premium in default, surrender this policy,
to the company at its home office for a cash surrender
value or for endorsement for term insurance or paid-up
insurance, as provided in the above options, the insurance
shall be continued for a reduced amount of paid-up in-
surance as provided in the third option."

This clause is immediately preceded by the state-
ment entitled, "Options on Surrender or Lapse," as
above set out. It is there stipulated that, "upon failure
to pay any premium or part thereof when due, this policy
except as otherwise provided herein, shall immediately
lapse. If, however, the lapse occur after three full years
of premium shall have been paid the owner thereof, *pro-
vided there be no indebtedness hereunder*, shall by writ-
ten request filed with the company at its home office, to-
gether with presentation of this policy for legal sur-
render or for endorsement within three months from
the due date of premium and default, be entitled to one
of the following options:"

Then follow the three options—the first for a cash
surrender value; second, for term insurance; and the
third, as follows:

"3rd. *To have the insurance continued for a reduced
amount of non-participating paid-up endowment insur-
ance, payable at the same time and under the same con-
ditions as this policy*," etc.

The St. Louis Court of Appeals held "that the non-
participating paid-up endowment insurance, payable at
the same time and under the same conditions as this pol-
icy," is the same in effect as the "unconditional commu-

tation of the policy for non-forfeitable paid-up insurance'' as provided in the statute.

The Kansas City Court of Appeals in the Ross Case, 205 Mo. App. l. c. 245, held that the expressions do not mean the same. The court used this language: ''It seems to be too clear for doubt, that a simple provision that a policy will automatically become paid up, is not the same, literally or in effect, as a provision for the *unconditional* commutation into a *non-forfeitable* paid-up policy.''

In order to bring that provision of the policy within the requirement of Section 6154, the paid-up insurance must be *unconditional* and *non-forfeitable*. The courts of this State always have held to the rule that the terms of a policy of insurance, when doubtful, must be construed in favor of the insured and against the insurer. [Stark v. Insurance Company, 176 Mo. App. 581, and cases cited.]

Very slight conditions have been sufficient to take the policy from under the effect of Section 6154. In the case of Paschedag v. Insurance Co., 155 Mo. App. l. c. 196, it was held that a policy was conditional as not coming within that section because the conversion of the policy into a cash surrender value depended upon surrendering the policy within six months after default.

In the case of Whittaker v. Insurance Co., 133 Mo. App. 664, it was held that the policy did not provide an unconditional commutation for non-forfeitable paid-up insurance, because it contained a provision that the so-called automatic clause would be inoperative if there was a loan at the time the paid-up insurance should begin.

In the case of Smith v. Mutual Benefit Life Ins. Co., 173 Mo. l. c. 338, 339, this court held that the stipulation for surrender value was not automatic, because it was payable only on condition that it be applied for within three months and the policy then surrendered and canceled.

It was said by the Kansas City Court of Appeals in the case of Gibson v. Assurance Co., 184 Mo. App. l. c.

664: "If the provision means that it must be arranged for on a premium-paying day, then the provision for the commutation of the policy into paid-up insurance is not unconditional as the statute requires."

In the case of McLeod v. Mutual Life Insurance Co., 190 Mo. App. 1. c. 663-4, it was said: "Such provision must be wholly unconditional and without restriction" (citing the Smith Case). "The provision in the policy above set out is not unconditional as to this, but restricts the right to an immediate cash payment of the surrender value on surrender of the policy, in that it postpones such payment to a subsequent 'anniversary of its issue.'"

It will be seen by these cases that a surrender value, or a paid-up policy, to be allowed an insured, is not unconditional if there is any limitation as to the time or circumstances under which it is to take effect. If it is to become effective at a certain time or upon the existence of certain facts, whether anything is required of the insured or not, it is conditional and not within the terms of Section 6154.

II. Another important feature to consider in determining whether such a provision in a policy is unconditional is mentioned in some of the cases. In order that the clause of the contract under consideration should avail to take the case out of the operation of the non-forfeitable statutes, after three annual premiums are paid, it must operate at the time of default. [Whittaker v. Insurance Co., 133 Mo. App. 664; Paschedag v. Insurance Company, 155 Mo. App. 1. c. 195.]

*Automatic Right.*

This would seem to be a reasonable construction of the statute, Section 6154, which requires that the policy shall contain a provision *"for the unconditional commutation of the policy for non-forfeitable paid-up insurance."* If the provision is entirely unconditional the vesting of the right under it must be automatic at the moment of the lapse; otherwise it would be conditional.

The St. Louis Court of Appeals in this case assumes the doctrine to be correct in discussing the stipulation in the policy; it says: "Under such a stipulation insured's right to paid-up insurance is not conditional because he has it in any event from the time of default in premium payment. He may reject that right and choose another by taking certain steps."

That is an assertion that the provision of the policy under consideration is unconditional because it is affected only by a condition subsequent. In order that it may be said to attach automatically at the *time* of default in the payment, the liability upon the policy must be unaffected by any *condition,* precedent or *subsequent,* or any event over which the insured or owner has no control.

III.   The stipulation under consideration presupposes the insured or owner must have not only the right but the *ability,* for a period of three months, to choose one of the three options, before the paid-up

Options for Ninety Days. clause would attach. If the insured should die within three months, such a contingency is a *condition subsequent* which would defeat the paid-up clause.

Section 6151, Revised Statutes 1919, provides that when a premium becomes due and is not paid, after three annual payments have been made, the policy shall not be forfeited, but three-fourths of the net value of the policy, with certain deductions, *"shall be taken as a net single premium for temporary insurance for the full amount written in the policy."*

In a case of that kind Section 6153 provides that "the company shall be bound to pay the amount of the policy, the same as if there has been no default in the payment of premium, *anything in the policy to the contrary notwithstanding."*

When do these provisions take effect? It must be immediately upon the death which might occur within the three months after default. The provision of the

policy is: "If the owner shall not within three months from the date of the default" take steps to procure the cash surrender value of the term insurance, or paid-up insurance, then he should have reduced paid-up insurance as provided in the third option, which is: "A non-participating, paid-up endowment insurance payable at the same time and under the same conditions as this policy."

If he does not exercise his right to choose one of the three options, then the policy assigns him the third option, *but he is given three months within which to make his choice.* And he must have the ability to exercise an *intelligent choice* during the period of three months.

Further, the stipulation in option three says the insurance shall be continued as a non-participating endowment policy, "payable at the same time and *under the same conditions* as this policy."

If there are any conditions in the policy affecting the payment then that stipulation is conditional, and not absolute and automatic. The policy provides that the defendant, in consideration of the annual payment of $15.19 on each thirtieth day of July, "until 64 years' premium shall have been paid or until the prior death of the insured, *promises to pay* at the home office of the company in the city of New York to William Bothmann of St. Louis, State of Missouri, herein called the insured, on the 30th day of July, 1976, if the insured be then living, or *upon receipt of said home office of due proof of the prior death of the insured,* to Emma Bothmann, wife and beneficiary, with the right of revocation, one thousand dollars less any indebtedness hereon to the company," etc.

Then, if the insured should die within ninety **days** from the default in the payment, upon proof of death, the beneficiary would be entitled to the full amount of the premium. By the terms of the policy and Section 6151, Revised Statutes 1919, the liability of the company accrues *as of the date of the death* and it is only necessary to make proof in order that payment may be demanded.

Again, suppose the insured or owner should become insane before the expiration of three months, then there would be no opportunity to choose. In the case of Burridge v. Insurance Co., 211 Mo. 158, which had under consideration the construction of a policy, where an indebtedness was supposed to interfere with the operation of the non-forfeiture statute, the insured was *non compos,* and the court held he was not estopped by retaining a check which had been sent to him in supposed settlement of the claim. If a *non compos* insured could not choose the options which would prevent an application of Section 6154, then the policy was *conditioned* on his being *compos mentis* and able to make a choice until the expiration of the three months.

Therefore, undoubtedly the paid-up policy provision was not unconditioned, but was upon the condition that the insured or owner should live and be able to exercise an intelligent choice of the three options for three months.

IV. The appellant mentions a number of provisions in the policy which he claims are conditions and would

Other Provisions.

necessarily prevent the automatic application of the paid-up policy provision. It is unnecessary to consider any of these.

For the reason stated the policy does not provide for "an unconditional commutation for non-forfeitable paid-up insurance," and the non-forfeitable provisions of Section 6151 apply.

The judgment is reversed and the cause remanded with instructions to enter judgment in accordance with the views herein set forth. All concur.