## COLUMBIAN NAT. LIFE INS. CO. v. GRIFFITH.

### No. 9959.

Circuit Court of Appeals, Eighth Circuit. Oct. 12, 1934.

David A. Murphy, of Kansas City, Mo. (Harding, Murphy & Tucker, of Kansas City, Mo., on the brief), for appellant.

Roger C. Slaughter, of Kansas City, Mo. (Mord M. Bogie and Henry L. Jost, both of Kansas City, Mo., on the brief), for appellee.

Before SANBORN and WOODROUGH, Circuit Judges, and DEWEY, District Judge.

SANBORN, Circuit Judge.

On August 20, 1924, the Columbian National Life Insurance Company issued a $5,000 policy of life insurance to Harry T. Fowler, payable, upon receipt of due proof of death, to his representatives or assigns. The policy was a Missouri contract. Premiums were payable August 20th of each year. Lauretta J. Griffith became the assignee of the policy. The insured borrowed from the company $670.26, and the assignee joined with him in a pledge of the policy as security for the loan. The loan was never repaid. Premiums were paid to August 20, 1931. The premium due on that day was not paid, and the policy lapsed. The insured died March 9, 1932. At the time of lapse the policy had a net value which, if applied to the purchase of extended insurance, would have carried the policy beyond the date of death, or, if applied to the purchase of paid-up insurance, would have purchased such insur-

ance to the amount of $452. The assignee furnished due proof of death, and demanded the face of the policy less indebtedness. The company denied liability for more than $452. The assignee then brought this action to recover the face of the policy less the amount of the loan. In its answer, the company renewed its tender of $452. A jury trial was waived. There was no dispute as to the facts. The court resolved the issue of law in favor of the plaintiff, and from the judgment the defendant has appealed.

The question to be determined is whether, upon the lapse of the policy, the net value or net reserve available for the purchase of paid-up or of extended insurance was, under the terms of the policy and the statutes of Missouri, to be applied to the purchase of extended insurance or to the purchase of paid-up insurance. It is certain that, after lapse, the insured did not have both extended and paid-up insurance; i. e., extended insurance if he died within the period during which his equity in the policy would have carried it for its face value, and paid-up insurance for $452 if he lived beyond that period. If his assignee, the plaintiff, could have recovered the paid-up value of the policy had the insured lived beyond the term of extended insurance, then she cannot recover the face of the policy, less indebtedness, merely because he died within what would have been the term of extended insurance, had the net value of the policy been used to purchase such insurance. Reduced to its lowest terms, the question is whether the policy contained an automatic option for extended insurance or an automatic option for paid-up insurance.

By the language of the policy, the grace period for the payment of premiums was 31 days, and it was provided that, in case of lapse after 3 years' premiums had been paid, "the policy shall become effective automatically for Paid-up Insurance, payable as provided on the first page hereof, the amount granted being as stated in the table of values herein for the number of years the policy has been in force. This Paid-up Insurance shall have increasing Cash and Loan Values." It was also provided that the insured might, by written notice given within the grace period, elect to take extended insurance or the cash value; and that, "if there be any indebtedness to the Company on this policy, including any unpaid premium or portion thereof to the date of lapse or surrender, the Cash and Loan Values will be diminished thereby, and the Paid-Up or Extended Insurance will be such as may be purchased by the Cash Value so diminished, such Extended Insurance to be for an amount equal to the sum insured less such indebtedness." The policy also contained the usual provisions relative to reinstatement and adjustment of the amount of insurance in case of misstatement of the age of the insured. The first page of the policy provided that the insurance should be payable upon receipt of due proof of death. It is conceded that the insured made no election to take extended insurance or the cash value of the policy.

The nonforfeiture statutes of Missouri are now sections 5741, 5742, and 5743, R. S. Missouri, 1929 (Mo. St. Ann. §§ 5741–5743, pp. 4388, 4393, 4394). It is unnecessary to quote them. Their purpose is the same as that of all such statutes; namely, to secure to an insured who has paid premiums for 3 or more years substantially what the excess of his contributions over the cost and expense properly attributable to the carrying of his insurance to the date of lapse will purchase in the way of extended or paid-up insurance.

Section 5741, as construed by the Supreme Court of Missouri, in effect provides an automatic option for extended insurance equal to the face of the policy, less indebtedness, in case of lapse after the payment of three or more annual premiums. See Gooch v. Metropolitan Life Ins. Co., 333 Mo. 191, 61 S.W.(2d) 704; Trapp v. Metropolitan Life Ins. Co. (C. C. A. 8) 70 F.(2d) 976.

Section 5742 permits the "legal holder of a policy" to elect within 60 days from the beginning of the extended insurance provided by section 5741 to take, in lieu thereof, a paid-up policy.

Section 5743 provides that, if death occurs within the term of "temporary" or extended insurance as provided by section 5741, the company shall pay as though there had been no default in premium, but shall be entitled to notice of claim and proof of death as provided in the policy within 90 days after death, and shall have the right to deduct forborne premiums with compound interest, not exceeding ordinary life premiums for age at issue.

Section 5744, which follows the three sections just referred to (Mo. St. Ann. § 5744, p. 4395), provides: "The three preceding sections shall not be applicable in the following cases, to-wit: If the policy shall contain a provision for an unconditional surrender value, at least equal to the net single premium, for the temporary [extended] insurance provided for hereinbefore, or for the

unconditional commutation of the policy for nonforfeitable paid-up insurance: * * * Provided, that in no instance shall a policy be forfeited for nonpayment of premiums after the payment of three annual payments thereon; but in all instances where three annual premiums shall have been paid on a policy of insurance, the holder of such policy shall be entitled to paid-up or extended insurance, the net value of which shall be equal to that provided for in this article."

In the case with which we are concerned, the net value of the paid-up insurance was equal to that provided for by the statutes referred to.

██ Confining ourselves to the language of the policy and that of the applicable statutes of Missouri, we should unhesitatingly say that the policy contained a provision for "the unconditional commutation of the policy for nonforfeitable paid-up insurance." In simple language, "commutation" means the substitution of one thing for another; "unconditional" means without conditions; "paid-up insurance" means insurance which has been fully paid for; and "nonforfeitable" means not subject to forfeiture. The commutation provided for by this policy was automatic and unconditional, and the paid-up insurance was not subject to forfeiture. But we are told by the plaintiff that, since the insured might, by his own act after lapse, have reinstated the policy, or, by his election, might, within 31 days, have chosen to take extended insurance or to surrender his policy and accept its cash value, and since conceivably the provision of the policy with respect to misstatement of age might be deemed to affect the paid-up insurance, the provision for commutation may not be regarded as unconditional. Apparently the theory of the plaintiff is that, in order to avoid the automatic option for extended insurance provided by the statute, the insured and the company must agree that, upon lapse after 3 years' premiums have been paid, the insured must relinquish his right to reinstate and his privilege of taking extended insurance or surrendering his policy for cash, and must accept a provision for an unchangeable amount of nonforfeitable paid-up insurance which is unconditional and cannot be converted by the insured into anything else or into cash except by death. If the position of the plaintiff is sound, we see no reason why virtually every life insurance company doing business in Missouri which has issued similar policies in that state may not write off all of its liability for paid-up insurance under the automatic options of such policies, and cancel all lia-

bility thereunder where the insured has lived beyond the term of extended insurance. We question whether any life insurance company doing business in that or any other state has issued a policy which has what the plaintiff would regard as a provision for an unconditional commutation of the policy into nonforfeitable paid-up insurance.

We do not find, however, that the Missouri courts have gone to such lengths as the plaintiff claims in invalidating automatic provisions for paid-up insurance in case of lapse after three or more annual premiums have been paid.

A provision, in a life policy, for paid-up insurance upon demand or upon application of the insured after lapse, or upon surrender of the policy, is not a provision for "unconditional commutation," Cravens v. New York Life Ins. Co., 148 Mo. 583, 50 S. W. 519, 53 L. R. A. 305, 71 Am. St. Rep. 628; McLeod v. John Hancock Mutual Life Ins. Co., 190 Mo. App. 653, 176 S. W. 234; Smith v. Mutual Benefit Life Ins. Co., 173 Mo. 329, 72 S. W. 935, nor is a provision that an arrangement for paid-up insurance shall be made on an anniversary date upon payment of the premium then due, Gibson v. State Mutual Life Assur. Co., 184 Mo. App. 656, 171 S. W. 979, nor is one which makes paid-up insurance dependent upon there being no loan upon the policy, Whittaker v. Mutual Life Ins. Co., 133 Mo. App. 664, 114 S. W. 53 (but compare Stark v. John Hancock Mutual Life Ins. Co., 176 Mo. App. 574, 159 S. W. 758), nor is one which makes the paid-up insurance effective after lapse provided no other election is made by the insured within a certain time thereafter, Bothmann v. Metropolitan Life Ins. Co., 299 Mo. 269, 252 S. W. 652; Seeburger v. Metropolitan Life Ins. Co. (Mo. App.) 253 S. W. 485, nor is a provision for a paid-up policy or a free policy in case of lapse, Ross v. Capitol Life Ins. Co., 205 Mo. App. 243, 228 S. W. 889; Hickey v. Metropolitan Life Ins. Co. (Mo. App.) 270 S. W. 388; State ex rel. Metropolitan Life Ins. Co. v. Daues (Mo. Sup.) 297 S. W. 951.

In Givens v. Ætna Life Ins. Co. (Mo. App.) 59 S.W.(2d) 761, it was held that, where a policy provided an automatic option for a surrender value, it was unconditional, although the insured might, within 2 months thereafter, elect to take extended insurance or a paid-up policy. In Dempsey v. John Hancock Mutual Life Ins. Co. (Mo. App.) 248 S. W. 17, 18, the policy provided that the company would, "without any action on the part of the insured, continue this policy as

participating paid-up insurance, payable at death, for $523.00." This was held to be a provision for unconditional commutation. The court said: "An insurance company may by its policy provide for an unconditional commutation of same for a paid-up policy for a definite sum after default of payment of certain premiums, and yet provide in the policy that, if there is an existing indebtedness, such sum is to be deducted in favor of the insurer."

In the recent case of Clark v. John Hancock Mutual Life Ins. Co. (Mo. App.) 58 S.W.(2d) 484, the St. Louis Court of Appeals held that a provision that "without action on the part of the holder, the policy will be continued for its value in participating paid-up life insurance * * * which will have a yearly increasing surrender value in no event less than that required by law," was a provision for an unconditional commutation into nonforfeitable paid-up insurance. In State ex rel. Clark v. Becker et al., 73 S.W.(2d) 769, the Supreme Court of Missouri, Division No. 1, held that the decision of the St. Louis Court of Appeals in Clark v. John Hancock Mutual Life Ins. Co., supra, did not conflict with State ex rel. Metropolitan Life Ins. Co. v. Daues, supra, 297 S. W. 951, and Bothmann v. Metropolitan Life Ins. Co., supra, 299 Mo. 269, 252 S. W. 652.

We have reached the conclusion that there is no decision of the Supreme Court of Missouri which requires us to hold that the policy with which we are concerned did not contain a provision for an unconditional commutation for nonforfeitable paid-up insurance. In State ex rel. Metropolitan Life Ins. Co. v. Daues, supra, 297 S. W. 951, the court said with respect to the incontestable clause and the misstatement of age clause as imposing conditions upon paid-up insurance (page 952 of 297 S. W.): "Whether such a policy is 'nonforfeitable,' as that term is used in section 6154 [5744], was not passed upon in the Bothmann Case, nor has it ever been passed upon by this court so far as we are advised."

In the case of Bothmann v. Metropolitan Life Ins. Co., supra, 299 Mo. 269, 252 S. W. 652, 655, 656, the Supreme Court of Missouri said: " * * * A surrender value, or a paid-up policy, to be allowed an insured, is not unconditional, if there is any limitation as to the time or circumstances under which it is to take effect. If it is to become effective at a certain time, or upon the existence of certain facts, whether anything is required of the insured or not, it is conditional, and not within the terms of section 6154 [5744]."

The provision of the policy in suit for its commutation into paid-up insurance operated at the time of default. It was automatic at the moment of lapse.

There is justification for the plaintiff's claim that, under the rulings of the Missouri courts, not only must the commutation be unconditional, but the paid-up insurance into which the policy is commuted must be nonforfeitable and also unconditional. Our view, however, is that the provision here under consideration gave to the insured automatically upon lapse all of the paid-up insurance which the net value of his policy entitled him to, and that such insurance was nonforfeitable and unconditional within the meaning of the Missouri statutes and decisions.

The court below was of the opinion that the provision for commutation of the policy into paid-up insurance was not applicable where there was a policy loan, but seems to have overlooked the effect of the provision which we have quoted, requiring a reduced amount of paid-up insurance where there is a loan. See Dempsey v. John Hancock Mutual Life Ins. Co., supra, 248 S. W. 17, 18.

The Supreme Court of Missouri in the future may not adhere to its recent decision in the case of State ex rel. Clark v. Becker et al., supra, 73 S.W.(2d) 769, as the plaintiff predicts, and may hold that, unless a policy contains a provision for unconditional commutation into nonforfeitable paid-up insurance which must be unconditional and incapable of being affected by reinstatement or the exercise of any additional option granted to the insured by the company, the nonforfeiture statutes apply. We shall indulge in no prophecies, however. If the language of section 5744 is to be further extended by construction, that should be done by the Supreme Court of Missouri, and not by this court. We think that the rights of those who have, or who suppose that they have, acquired paid-up insurance under automatic options of lapsed life policies, should be kept in mind, as well as the rights of those who would be benefited by a holding that such options were void.

The truth is that the insured in this case failed to take extended insurance when he lapsed his policy, because, like many other persons, he did not know when he was going to die. Because he died at the time he did, the plaintiff wants extended insurance.

If he had died later and at a time to which the value of the policy would not have extended his insurance, she would have insisted on paid-up insurance. What she requires is a statute providing that the owner of a lapsed policy may elect, upon the death of the insured, whether to take extended or paid-up insurance.

It is contended by the plaintiff that, since this was a jury waived case, and since the record fails to show that requests for findings of fact or declarations of law were made prior to the time that the court indicated how it was going to decide the question of law involved, we may not consider whether there is evidence to sustain the judgment. It appears from the record that requests for findings of fact and declarations of law were made by the defendant prior to the time that the court made the general finding in favor of the plaintiff, and that the court considered and ruled upon the defendant's requests. The situation is almost identical with that with which this court was confronted in Mandel Bros., Inc., v. Henry A. O'Neil, Inc., 69 F.(2d) 452. At page 455 of 69 F.(2d) we said:

"It will be noted that the findings of fact and conclusions of law requested by appellant were presented to the trial court, and ruling asked and obtained some weeks after the hearing ended, and after the issues of fact and law had been submitted to the trial judge for decision; and that that decision had been made known, although not formally entered. In such case, under ordinary circumstances, this court has many times held that, in an action at law tried without jury, the question of law of whether or not there was any substantial evidence to support the court's findings is not reviewable. Southern Surety Co. v. United States (C. C. A.) 23 F.(2d) 55; Denver Live Stock Commission Co. v. Lee (C. C. A.) 18 F.(2d) 11; Highway Trailer Co. v. City of Des Moines, Iowa (C. C. A.) 298 F. 71; Wear v. Imperial Window Glass Co. (C. C. A.) 224 F. 60.

"However, because of the action of the trial court, in apparent recognition of the stipulation of counsel to hold the final disposition of the case open until December 31, 1932, to enable appellant to take such steps as might be deemed necessary to preserve its record on appeal, we do not feel justified in denying to it such review as may otherwise be permissible."

The defendant calls our attention to United States Fidelity & Guaranty Co. v. Board of Com'rs (C. C. A. 8) 145 F. 144, 151, in which this court held that a request for a declaration of law must be made before the trial ends, and that "the trial ends only when the finding is filed, or, if no finding is filed before, when the judgment is rendered."

Unquestionably the proper practice in such cases is to present the request for findings and declarations, or the motion for judgment on the sole ground that the evidence will support no other conclusion, at the close of the evidence and before the case is submitted to the trial judge for decision. However, in this case, as in the case of Mandel Bros., Inc., v. Henry A. O'Neil, Inc., supra, the court received the requests after the case was submitted and before it was finally terminated, and considered and ruled upon them. The court treated the requests as though made in time. Under the circumstances, we would not feel justified in denying the defendant a review of this case upon its merits.

It is our opinion that the plaintiff was entitled to the amount which the insurance company tendered her, and to no more.

The judgment is reversed and the case remanded for disposition in conformity with this opinion.