MARY C. ROSS, Appellant, v. CAPITOL LIFE IN-
SURANCE COMPANY, Respondent.

Kansas City Court of Appeals, May 10, 1920.

Life Insurance Unconditional, Non-forfeitable: Paid-up Policy. The
statute (Section 6946 Revised Statutes 1909), provides that where
there has been three annual payments of premiums on a life in-
surance policy such policy shall not be forfeited for non-payment
of succeeding premiums; but that such policy shall be commuted
by taking the net value of the policy at time of default and after
certain deductions, using it as a single premium for temporary
insurance for the full amount of the policy. Section 4649 of such
statute provides that if the policy shall contain a provision for
the unconditional commutation of the policy for non-forfeitable
paid-up insurance the terms of section 6946 shall not apply. A
policy only provided for "a paid up policy," omitting the statute
requirement of *unconditional non-forfeitable* paid-up policy. It
was *held* that the policy was not such as required by section 6949
and that therefore section 6946 applied.

Appeal from the Circuit Court of Jackson County.—
Hon. Thos. J. Seehorn, Judge.

REVERSED AND REMANDED (*with directions*).

J. M. Johnson, Donald W. Johnson and J. D. Hill
for appellant.

Rosenberger & Reed and Jones, Hocker, Sullivan
& Angert for respondent.

Wm. E. Hutton of counsel.

ELLISON, P. J.—Plaintiff is the mother of Edward
M. Ross who died on the 22nd of October 1917. On the
21st of July, 1907 defendant issued two policies of in-
surance on his life, each for the sum of $2500.00 pay-
able to plaintiff. Deceased paid the premiums due for
ten years when he defaulted for those due the 21st

of July, 1917, and they were unpaid at his death in the following October. Plaintiff, though deceased died in default, claimed the full amounts of the policies under the terms of section 6946, R. S. 1909, providing that after the payment of three annual premiums a life policy should not be forfeited for non payment of premiums falling due thereafter, but that the net value of the policy computed under mortality tables (under conditions therein named), shall be taken as a net single premium for temporary insurance for the full amount of the policy. It is agreed that such premium would carry the policies beyond the death of deceased, if section 6946 controls.

Special provision is made by section 6949 of the statute for avoiding the beneficial terms of section 6946, and defendant relies upon such provision for defense to the present action. The provision is that section 6946 shall not be applicable, "If the policy shall contain a provision * * *for the unconditional commutation of the policy for non forfeitable paid up insurance." The policies involved contained this entirely different provision; "If this policy shall lapse after being in force three full years, it will automatically become a paid up policy for such amount as is hereinafter set forth in the 'Table of Surrender and Loan Values' herein."

It will be observed that the statute provides for an *unconditional* commutation of the policy for *non forfeitable* paid up insurance and that that character of insurance is not provided for in these policies, in that the provision found in them is not for *unconditional* commutation for *non forfeitable* paid up insurance, but merely for a paid up policy.

Defendant insists that these provisions of the statute and of the policies are, to all intent and purpose, alike; and offered judgment for the amounts commuted as indicated by its policy provisions, less a loan which deceased had obtained. The trial court took defendant's view and plaintiff appealed.

Defendant's position and the facts we have disclosed forces it to claim that a policy for "paid up insurance" is the same thing as a policy for an inconditional commutation of a policy for non forfeitable paid up insurance; that is, that paid up insurance is non forfeitable insurance. We think the position wholly untenable.

The courts have maintained vigilant watch on life policies of insurance to see that the statutory provisions in avoidance of the non forfeiture statute are fully complied with before the insurance company will be allowed to avail itself of such provisions; Smith v. Life Ins. Co., 173 Mo. 329, 338, 339; Cravens v. Ins. Co., 148 Mo. 583, 607, 608.

It seems to be too clear for doubt, that a simple provision that a policy will automatically become paid up, is not the same, literally or in effect, as a provision for an unconditional commutation into a non forfeitable paid up policy; Whittaker v. Ins. Co., 133 Mo. App. 664; McLeod v. Ins. Co., 190 Mo. App. 653, 662.

Defendant repeats his claim that the expressions, paid up insurance, and non forfeitable paid up insurance, "mean precisely the same thing, because paid up insurence is insurance that is fully paid for, i. e., non forfeitable." It is true that the supreme court said in Nichols v. Ins. Co., 176 Mo. 355, that "The very term 'paid up insurance' conveys the meaning that no more payments are required, and we are of the opinion that when the legislature is dealing with the subject of life insurance and uses the term *paid up insurance*,' it means insurance for life, fully paid up." Undoubtedly that is true; but a policy for life fully paid up, is by no means, necessarily, a policy without conditions, or prohibitions. A policy fully paid up may well provide that the insured shall not go to war, undertake hazardous employment and the like. At any rate, the terms of the statute must control in the construction; Nichols v. Ins. Co., supra l. c. 382.

The foregoing views result in a reversal of the judgment and remanding the cause with directions to enter judgment for plaintiff for the amount of the policies. We do not see any reason for assessment of penalties. All concur.