STATE OF MISSOURI at the Relation of DOROTHY CLARK, Relator, v. WILLIAM DEE BECKER, JOSEPH KANE and EDWARD J. McCULLEN, Judges of the St. Louis Court of Appeals.—73 S. W. (2d) 769.

Division One, July 17, 1934.*

---

*NOTE: Opinion filed at September Term, 1933, April 19, 1934; motion for rehearing filed; motion overruled June 12, 1934; motion to transfer to Court en Banc filed; motion overruled at May Term, July 17, 1934.

*John B. Sullivan* and *John P. Griffin* for relator.

*Leahy, Saunders & Walther* and *Lyon Anderson* for respondents.

HYDE, C.—This case is certiorari to quash the opinion of the St. Louis Court of Appeals in the case of Dorothy Clark v. John Hancock Mutual Life Ins. Company, a corporation, 58 S. W. (2d) 484. The case involves the construction of Section 5744, Revised Statutes 1929. There was no controversy about the material facts, which are stated in said opinion, as follows:

"It is conceded that defendant company (hereinafter called the company) issued a policy on the life of plaintiff's husband on October 29, 1921, and that plaintiff (relator here) was the named beneficiary

therein, and that the necessary premiums thereon were paid up to January 29, 1925, but that no further premiums were paid; that the insured died on February 9, 1930; that the policy contained the following nonforfeiture options:

" 'Nonforfeiture Options—After three full annual premiums shall have been paid hereon, then in case of default in the payment or any subsequent premium or installment contained after the days of grace,

" 'Option A—Without action on the part of the holder, the policy will be continued for its value in participating paid-up, life insurance (without disability or double indemnity benefits) which will have a yearly increasing surrender value in no event less than that required by law; or

" 'Option B—If the holder so elect, the policy will be terminated and the surrender value paid in cash; or

" 'Option C—Upon written request by the holder filed at the home office of the company, within ninety days from the date of the premium in default, the policy will be continued at its face amount, including any outstanding additions and less any indebtedness to the company hereon or secured hereby; for its value in participating extended term insurance (without loan privilege or disability or double indemnity benefits) dating from said due date. Such insurance will have a decreasing surrender value expiring with the extention term.' (There was a provision that the insured could by request prior to default make Option C the automatic option.)

"It is further conceded that no request had been made by the holder of the policy, when failure to pay premium occurred, for extended term insurance under Option C of the policy, within ninety days, or at any time after January 29, 1925; and that, after the death of the insured, when the beneficiary requested payment of the policy, the insurer refused payment thereof, excepting the sum of $145 as paid-up insurance, on the ground that the insured had not made written request for extended insurance as provided for in the policy."

If Option C had become effective the policy would have been continued as temporary (term) insurance for the full amount for six years and one-hundred-twenty-four days, which would have carried it beyond the date of the insured's death. The company tendered the amount provided for paid-up insurance under Option A and asked for an instruction, which the court refused, that plaintiff was only entitled to recover that amount. Plaintiff asked for an instruction, which the court gave, directing a verdict for "the full amount of the policy, less the premiums (plus interest thereon) that had become due on the policy from the time of the failure to pay the premiums on January 29, 1925, to the date of the death of the insured." Ten per cent damages and attorney's fee for vexatious refusal to pay was also added. Defendant appealed from the judgment and it was reversed by the Court of Appeals and the cause remanded

with directions which required that defendant's theory of the law be adopted by the trial court.

Relator's theory is "that the policy in question does not contain a provision for *the unconditional commutation of the policy for nonforfeitable paid-up insurance* within the purview of Section 5744," because the automatic Option A provides that, upon default, "the policy will be continued;" that this, instead of being an "unconditional commutation "for nonforfeitable insurance," provided for a continuance of all the conditions for forfeiture which the policy might contain; that, therefore, the statutory plan stated in Sections 5741, 5742 and 5743, Revised Statutes 1929, became a part of the policy; and that this put into effect automatically Option C, which is the only provision for temporary or extended insurance in the policy, although it was more favorable than the statutory provision. Plaintiff contends that the decision of the Court of Appeals, to the contrary, is in conflict with two opinions of this court, namely, State ex rel. Metropolitan Life Ins. Co. v. Daues, 297 S. W. 951, and Bothmann v. Metropolitan Life Ins. Co., 299 Mo. 269, 252 S. W. 652.

Section 5744 provides: "The three preceding sections shall not be applicable in the following cases, to-wit: If the policy shall contain a provision for an unconditional surrender value, at least equal to the net single premium, for the temporary insurance provided for hereinbefore, *or for the unconditional commutation of the policy for nonforfeitable paid-up insurance,* or if the legal holder of the policy shall, within sixty days after default of premium, surrender the policy and accept from the company another form of policy, or if the policy shall be surrendered to the company for a consideration adequate in the judgment of the legal holder thereof, then and in any of the foregoing cases, this article shall not be applicable: *Provided,* that in no instance shall a policy be forfeited for nonpayment of premiums after the payment of three annual payments thereon; but in all instances where three annual premiums shall have been paid on a policy of insurance, *the holder of such policy shall be entitled to paid-up or extended insurance,* the net value of which shall be equal to that provided for in this article."

The three preceding sections (5741-42-43) prohibit the forfeiture of a life insurance policy after three premiums have been paid, and provide a plan for using the accumulated value of the policy for further insurance. This statutory plan is for automatic temporary insurance of the amount of the face of the policy for a limited term. [Secs. 5741 and 5743.] It also establishes an optional provision for a reduced amount of insurance paid up for life which the policyholder may exercise by a demand within sixty days. [Sec. 5742.] The plain purpose of Section 5744 is to give a policyholder some freedom to contract as he sees fit, rather than to hold him to the fixed statutory plan of only extended insurance as an automatic option, and, there-

fore, to allow the policyholder to contract for an automatic option *for cash surrender* or *for either kind of insurance,* namely: Insurance for the full original amount paid up for a limited term or a reduced amount of insurance paid up for life. This seems clear from its present wording and this meaning is confirmed by the wording of the original enactment of all four sections (Laws 1879, pp. 130-131), and by the proviso later added to present Section 5744. [Laws 1895, pp. 197-198; Laws 1899, p. 248.] However, as well as granting the policyholder the right to choose his option, Section 5744 prohibits a company from taking advantage of him by so wording the options that none of them will go into effect unconditionally, or so that there will be no provision for some kind of insurance which could not be forfeited. Therefore, if Option A of the policy in question does, within the meaning of Section 5744, contain a provision "for the unconditional commutation of the policy for nonforfeitable paid-up insurance" it satisfies the requirements of the statute and the other three sections are not applicable. If that is the case, relator was not entitled to recover the face amount of the policy because the insured had chosen for her protection, instead of an automatic option for term insurance for the full amount, the automatic option for a reduced amount of insurance paid up for life. That the policy in question did comply with Section 5744 is, in effect, the holding of the Court of Appeals because it held that Option A was valid and enforceable and that relator could not recover on any other basis. The conflict now claimed is that under the rulings of this court in the Bothmann case, supra, and State ex rel. Metropolitan Life Ins. Co. v. Daues, supra, Option A in this policy was not a provision "for the unconditional commutation of the policy for nonforfeitable paid-up insurance."

The Bothmann case was certified to the court by the St. Louis Court of Appeals on the ground that its opinion therein, 231 S. W. 1007, was in conflict with a decision of the Kansas City Court of Appeals in Ross v. Capitol Insurance Co., 205 Mo. App. 243, 228 S. W. 889, where the Kansas City Court of Appeals held that the following provision, to-wit; "if this policy shall lapse after being in force three full years, it will automatically become a paid-up policy for such amount as is hereinafter set forth in the 'Table of Surrender and Loan Values' herein," did not provide "for an unconditional commutation of the policy for nonforfeitable paid-up insurance, . . . in that the provision found in them is not for unconditional commutation for nonforfeitable paid-up insurance, but merely for paid-up policy. . . . A policy for life fully paid up, is by no means, necessarily, a policy without conditions, or prohibitions. A policy fully paid up may well provide that the insured shall not go to war, undertake hazardous employment and the like."

The St. Louis Court of Appeals had held that the policy in the Bothmann case did provide for the "unconditional commutation of the policy for nonforfeitable paid-up insurance." That policy contained the following provision:

"If the owner shall not, within three months from due date of premium in default, surrender this policy to the company at its home office for a cash surrender value or for endowment for term insurance or paid-up insurance as provided in the above options, the insurance shall be continued for a reduced amount of paid-up insurance as provided in the third option."

The third option referred to was as follows:

"Third—To have the insurance continued for a reduced amount of nonparticipating paid-up endowment insurance, payable at the same time and under the same conditions as this policy, which paid-up insurance shall have an increasing cash surrender value equal to the full reserve at the date of surrender, or a loan value up to the limit of the cash surrender value, with interest payable in advance to the end of the policy year at the rate of five per centum per annum."

This court held that the St. Louis Court of Appeals was wrong because the provision for commutation of the policy was not unconditional, saying: "A surrender value, or a paid-up policy, to be allowed an insured, is not *unconditional*, if there is any limitation as to the time or circumstances under which it is to take effect. If it is to become effective at a certain time, or upon the existence of certain facts, whether anything is required of the insured or not, it is conditional, and not within the terms of Section 6154. . . . In order that the clause of the contract under consideration should avail to take the case out of the operation of the nonforfeitable statutes, after three annual premiums are paid, it must operate *at the time of default*."

This court then stated the reasons why the commutation of the policy into paid-up insurance provided for was conditional and not unconditional:

"The stipulation under consideration presupposes the insured or owner must have, nor only the right, but the *ability*, for a period of three months, to choose one of the three options, before the paid-up clause would attach. If the insured should die within three months, such a contingency is a *condition subsequent*, which would defeat the paid-up clause. . . . Again, suppose the insured or owner should become insane before the expiration of three months, then there would be no opportunity to choose. . . . Therefore, undoubtedly the paid-up policy provision was not unconditioned, but was upon the condition that the insured or owner should live and

be able to exercise an intelligent choice of the three options for three months.''

This court also found another objection to the policy which.it stated, as follows:

''Further, the stipulation in option three· says the insurance shall be continued as a nonparticipating endowment policy, '*payable*·.*at the same time and*, *under the same conditions* as this policy.' If there are any conditions in the policy affecting the :payment, then that stipulation is conditional, and not absolute and automatic.''

In State ex rel. Metropolitan Life Insurance Co. v. Daues, this court ·upheld an opinion of the ·St. Louis Court of Appeals holding that the provision in the policy in question, there, was not ''a provision for the unconditional commutation· of the policy for nonforfeitable paid-up insurance.'' The case was brought here by certiorari upon the ·claim that this decision· was in conflict with the Bothmann case. The· provision was as follows:

''Free Policy—After premiums upon this policy have ·been fully paid for three years or more, then in case. of default in the payment of any subsequent premium the company will, ·without action .on .the part of the holder, continue this policy as a free policy,. *payable on the same conditions as this policy,* but upon' which no further payment of premiums shall be required, for· a reduced amount in accord-. ance with· the following table.''

The court held ·that ·there was no conflict, saying, that in the Both-. mann case:

''The court pointed out various other provisions· of the policy in that case which prevented such a clause· from: making the policy, upon default in the· payment of· premium, an ·unconditional commutation of the policy· for nonforfeitable paid-up insurance. The only provision specifically· mentioned by the Court of Appeals as having a like effect, with reference to the policy it had under consideration, was one to the effect that the· policy continued to· be contestable 'for fraud or misstatement of age.' Whether such a policy is ·'nonforfeitable,' as that term is used in Section 6154, was not ·passed· upon in the Bothmann 'case; nor has it ever been passed· upon by this ·court so far as we· are advised. However, the Court· of Appeals did not rest its· decision on so· narrow ·a ground; it held generally· that. the provision for 'a· free policy, payable on the same conditions as this policy, but upon which· no further payment of premium· shall be required,' ·is not, literally or in effect, a provision for an unconditional commutation into a· nonforfeitable, paid-up policy.· In this respect it follows closely ·Ross v. Capitol Life Ins. Co., 205 Mo. App. 243, 228 S. W.. 889, which seems to have had the approval of Division ·Two of this court in the Bothmann Case.''

It will be noted that Section 5744 requires both an uncon-

ditional commutation of the policy and that such commutation be for nonforfeitable paid-up insurance. Commutation is (Webster's International Dictionary) "the substitution of one form of payment for another." It would seem that the Bothmann case was primarily based upon the fact that the commutation or the substitution of a new form of payment, provided by the policy there considered, was not unconditional but was subject to the condition of the insured making or failing to make a choice within a definite period of time after lapse. This court's holding was that the automatic option substituting a new form of payment for that originally provided must become effective immediately and unconditionally upon default without waiting for any act or choice by anyone. But that alone is still not enough to satisfy the statute. In addition to becoming effective unconditionally, the new form of payment substituted, *if it is to be paid-up life insurance for a reduced amount,* rather than cash, or the temporary or extended insurance for the original amount for a limited time provided by Section 5741, *must be nonforfeitable insurance,* in such amount (as a minimum) as the accumulated value of the policy will purchase ("the net value of which shall be equal to that provided for in this article.") The Ross case, which is approved by the second reason given in the Bothmann case, and State ex rel. Metropolitan Life Insurance Co. v. Daues, are also authority for the proposition that a provision that the paid-up insurance shall be *"payable under the same conditions"* as the original policy is not a provision for nonforfeitable paid-up insurance because there may be conditions in the policy by which it might be forfeited. The Ross case seems to go further than the other two and hold that, if the provision for commutation for paid-up insurance makes such insurance, by specific language or in effect, payable upon the same conditions as the old policy, it is not necessary for the beneficiary claiming under the policy to hunt up conditions therein and point them out to the court in order to make Sections 5741-5743 apply. According to the Ross case, the mere fact, that the provision for commutation for paid-up insurance, leaves such insurance payable upon any condition, puts these sections in effect. In other words, if there are to be no conditions for forfeiture, the automatic option should not say there is any condition.

█ Nevertheless, regardless of whether or not the rule should be so strict, we do not think that the ruling of the Court of Appeals, in the present case, that Option A, considered therein, does provide for the unconditional commutation of the policy for nonforfeitable paid-up insurance, conflicts with those cases. Option A does provide for an unconditional commutation because it says "without action on the part of the holder the policy will be continued." How does it fail to provide for nonforfeitable paid-up insurance? Respondent argues

that saying "the policy will be continued" continues any conditions, which may be in the policy, in force and is the same as saying that "the company will continue this policy as a free policy *payable on the same conditions as this policy*" (State ex rel. v. Daues) or "to have the insurance continued for a reduced amount *payable at the same time and under the same conditions as this policy*" (Bothmann case). We do not think so because the provision here says, not merely that the policy (with all conditions therein) will be continued, but says instead that a certain *value will be continued*. It does not say that the policy will become a paid-up policy *subject to all of original conditions of payment*, but says "the policy will be continued *for its value in participating paid-up life insurance*." We think that states no condition for payment or for forfeiture by reference or otherwise, but, instead, provides in place of the policy and substitutes therefor, a definite nonforfeitable value (amount as stated in the tables therein) of paid-up life insurance, which is what the statute requires. It in addition grants something not required by the statute that this paid-up insurance shall have a surrender value which will increase yearly. Stating that "the policy will be continued" merely complies with the provision of both statutes that "no policy of insurance on life . . . shall, after payment upon it of three or more annual payments, be forfeited" (Sec. 5741), and "in no instance shall a policy be forfeited for nonpayment of premiums after the payment of three annual payments thereon." [Sec. 5744.] It is a statement in compliance with these sections that the policy shall not be forfeited but will be continued in a new form; not that the policy will be continued as it was, without further payments, subject to all original conditions which might defeat payment, but that, in substitution for what it provided, its value in participating paid-up life insurance will be continued without conditions, for there is no reference to conditions. This policy, even more definitely states that it is a certain value in paid-up life insurance, which is continued and substituted for the insurance formerly provided by it, than did the policies construed by the St. Louis Court of Appeals in Dempsey v. John Hancock Mutual Life Ins. Co., 248 S. W. 17, and in Stark v. John Hancock Mutual Life Ins. Co., 176 Mo. App. 574, 159 S. W. 758.

Relator also points out that the policy contained a provision similar to that commented upon in State ex rel. v. Daues, namely, that "in case the age has been misstated. the amount payable hereunder shall be that which the premium paid would have purchased at the correct age." Respondents say that this is not a provision for forfeiture but instead is one for the insured to get just the amount he has paid for. Whether this be true or not, this court in State ex rel. v. Daues specifically refused (as shown by the part above quoted) to approve of the opinion of the Court of Appeals, questioned therein, on the ground that such a provision made the paid-

up insurance, provided therein, forfeitable. We cannot, therefore, hold the present opinion in conflict with State ex rel. v. Daues, on that ground. Relator also mentions a provision limiting the time to sue but points to no ruling of this court to the effect that such a provision concerning the remedy for enforcement of the policy would amount to a forfeiture of the insurance. We, therefore, hold that there is no conflict, with the rulings of this court, in the ruling of the St. Louis Court of Appeals in Clark v. Metropolitan Life Ins. Co., 58 S. W. (2d) 484, that the option clause of the policy therein construed complies with Section 5744, Revised Statutes 1929.

The Court of Appeals also gave a second reason why plaintiff could not recover, namely, that if "under the nonforfeiture Section 5741, Rev. Stat. of Mo., 1929, . . . the policy was continued as extended insurance, . . . that under the conceded facts in the case, such extended insurance, calculated according to the rule laid down in said section 5741, would run but for four years and two-hundred-seventy-eight days from January 29, 1925, namely, to November 3, 1929, and the insured did not die until February 9, 1930, more than three months after said expiration date." Relator contends that this ground and the court's reasoning stated in support thereof is in conflict with this court's opinion in Gooch v. Metropolitan Life Ins. Co., 333 Mo. 191, 61 S. W. (2d) 704. It is unnecessary to go into that matter for three reasons. First: The Court of Appeals had a sufficient reason for its holding which is not in conflict with the last controlling decisions of this court thereon, namely, that Sections 5741-43 do not apply, because the policy did comply with Section 5744 by making a provision for the unconditional commutation of the policy for nonforfeitable paid-up insurance. Second: Because the Gooch case construes Section 5741 while the decision of the Court of Appeals herein turns upon the construction of Section 5744, not mentioned in the Gooch case. Third: The Gooch case was decided after the opinion of the Court of Appeals was handed down in this case and after our writ of certiorari herein was issued. We cannot say that the Court of Appeals failed to follow the Gooch case, when it was not then in existence, nor can we say that it would not now follow it in a case where it might be applicable, neither can we quash its opinion because of *obiter dicta* which might seem to conflict in some respects with subsequent rulings made therein on the construction of a different statute from the one involved herein.

It is ordered that our writ of certiorari herein be quashed. *Ferguson* and *Sturgis, CC.,* concur.

PER CURIAM:—The foregoing opinion by Hyde, C., is adopted as the opinion of the court. All the judges concur, except *Hays, J.,* absent.