JOSEPH BARNES, RESPONDENT, v. NATIONAL LIFE & ACCIDENT INS. CO., APPELLANT.—115 S. W. (2d) 51.

Kansas City Court of Appeals. March 7, 1938.

*John J. Cosgrove* for respondent.

*McAllister, Humphrey, Pew & Broaddus* and *C. F. Douglass* for appellant.

REYNOLDS, J.—This is an action based upon a policy of life insurance. There is no dispute as to the facts.

On February 13, 1928, the defendant, National Life & Accident Insurance Company, issued its policy of insurance on the life of Eula Barnes, wherein the plaintiff, Joseph Barnes, father of the insured, was named as beneficiary. The face amount of the policy was $260, the premiums thereon being twenty-five cents per week. All premiums were paid up until January 25, 1932, and none were paid after that time. The insured died July 1, 1935.

The plaintiff, upon the trial, contended that the policy was governed by Section 5741, Revised Statutes of 1929. In support of this contention, he introduced an actuary who testified that she had calculated the value of the policy under the extended insurance law of Missouri, Section 5741, Revised Statutes of 1929, and that, under that section, the policy had a value that would have kept it in force for its face value until March 28, 1942, a period long after the death of the insured. The policy sued upon was introduced in evidence by the plaintiff. The death of the insured was shown to have occurred on July 1, 1935, due proof of which was made to the defendant by the beneficiary within ninety days thereafter. After introducing such evidence, the plaintiff rested his case in chief. Thereupon, the defendant requested a peremptory instruction in the nature of a demurrer to the case as made, directing a verdict in its favor, which was denied. Whereupon, the record shows the following proceedings in chambers, outside of the presence and the hearing of the jury.

"Mr. Douglass (counsel for defendant): It is agreed that the policy was issued February 13th, 1928; that the premiums are paid through the week of January 25th, 1932, and that the death occurred July 1st, 1935; that the paid-up value of the policy was $35.00; that proof of death was made to the defendant by the beneficiary within ninety days of the death of the insured.

"Let the record show that the defendant filed a demurrer and the demurrer is overruled; to which defendant excepts.

"The Court: Now, gentlemen, I understand that you have agreed to dispose of the rest of this case upon the following basis: That the defendant is making no issues on the trial of this case other than that this case falls within the purview of Section 5742 and not within the purview of Section 5741; that the plaintiff is relying upon the case of Bothmann v. Metropolitan Life, 252 S. W. 652, and that the issue raised by defendant is whether or not this case

comes within the purview of that decision and Section 5741; that to expedite the disposition of this matter and still preserve all rights intended to be preserved that defendant is willing, if its right to appeal upon the propriety of the court's classifying the computation of the value of this policy at lapsation as under Section 5741 and in accordance with the Bothmann case, that defendant wishes to offer no further defense or controvert no further issues, but that defendant is preserving its right to appeal so far as this one point is concerned, if it wishes, and that in consideration of the plaintiff agreeing that the court should direct the verdict for $260.00, eliminating vexatious delay and attorneys' fees and interest, that defendant will raise no error other than the error of the court, if it is error, in connection with Section 5741 and the Bothmann case, and the plaintiff agrees that under these conditions it will not complain of the court's action in submitting the case under a directed verdict without vexatious delay and attorneys' fees being submitted under an instruction. Does that meet with your understanding on either side?

"Mr. DOUGLASS: Yes.

"Mr. COSGROVE: Yes, all right.

"The COURT: Let the record show that both plaintiff and defendant rest, then, under those conditions.

* * * *

"Evidence closed.

* * * *

"Whereupon the following proceedings were had in the presence and hearing of the jury as follows, to-wit:

"The COURT: All right, now, gentlemen, the court is going to take the responsibility of terminating this case. I am going to direct that your verdict under the circumstances should be for the plaintiff for $260.00. I will appoint Mr. Pahlman as foreman of this jury, and will you please come forward, Mr. Pahlman, and sign this (the verdict) . . ."

Such verdict, being signed by the juror, was returned into court by the jury on January 25, 1936, and judgment in accordance therewith was thereupon entered in favor of the plaintiff for $260.00. From said judgment, after an unsuccessful motion for a new trial, the defendant prosecutes this appeal.

The first point made by the defendant is that the court erred in holding that Section 5741, Revised Statutes of 1929, applied and that the court erred in directing a verdict for the plaintiff for the face amount of the policy for the reason that the policy upon default was governed by Section 5744, Revised Statutes of 1929, and not by Section 5741, in that the policy contained a provision for the unconditional commutation thereof for nonforfeitable insurance

in the sum of $35.00 and the defendant was liable only for such amount. [State ex rel. Clark v. Becker, 335 Mo. 785, 73 S. W. (2d) 769; Cave v. Missouri Ins. Co. (Mo. App.), 102 S. W. (2d) 755; Adams v. Ohio National Life Ins. Co. (Mo. App.), 105 S. W. (2d) 64.]

It appears conclusively, however, from the record that the defendant defended at the trial under Section 5742, Revised Statutes of 1929, not under Section 5744. The defendant can not abandon its theory upon the trial and proceed upon another theory in this court upon appeal. It expressly stated upon the trial that the only issue raised by it was that this case falls within Section 5742 and not within Section 5741 or within the purview of the case of Bothman v. Metropolitan Life Ins. Co., 299 Mo. 269, 252 S. W. 652, as contended by the plaintiff. It did not urge or take the position in the court below upon the trial that the policy was governed by Section 5744. It can not therefore do so here. [Moore v. Washington Life & Accident Insurance Co. (Mo. App.), 58 S. W. (2d) 763; Thomas v. Scott, 221 Mo. 271, 119 S. W. 1098; Caine v. Physicians' Indemnity Co. of America (Mo. App.), 45 S. W. (2d) 904.]

In the case of Moore v. Washington Life & Accident Insurance Company, supra, 58 S. W. (2d) 763, l. c. 763, it was said: "Where insurer did not urge in the trial court beneficiary's failure to make proof of death under original policy, it could not do so on appeal."

In the case of Thomas v. Scott, supra, the court said that questions of law not presented to or passed on by the trial court can not be raised on appeal.

In the case of Caine v. Physicians' Indemnity Company of America, supra, 45 S. W. (2d) 904, l. c. 907, the court said: ". . . defendant's theory in the lower court . . . was that a forfeiture was only to be accomplished by some affirmative act on the part of the company in that respect. It must adhere to that theory in this court; and, no evidence having been adduced to show that a forfeiture was declared—there was no such issue to have been submitted to the jury."

Section 5742, Revised Statutes of 1929, provides for a defense to an action of this kind. It could have been shown (if such was the fact) that, under this section, the insured, after three or more full annual premiums had been paid and not later than sixty days from the beginning of the extended insurance provided in Section 5741 of the statute, made demand of the company for a paid-up policy and that the same had been issued under such conditions. That the policy had been so demanded and issued would be a good defense in this case. There is no evidence in the record tending to show that the paid-up value of the policy, upon its lapsation, in the sum of $35.00, was for a paid-up policy under Section 5744. It could just

as well have been for a paid-up policy under Section 5742. The commitment of counsel for both parties, in response to the position taken by the trial court, as appears from the record and the part thereof heretofore set out herein, is binding on the parties to this appeal.

Moreover, there is no evidence in the record that the net value of the policy, at the time of its lapsation, for paid-up or extended insurance was equal to that provided in Article 2, Chapter 37, as would have been necessary had the defense been based upon any contention that the policy in question was controlled by Section 5744. There is no evidence to show that the table value of the policy in question, set forth in the policy as $35.00, was equal to that provided for by Article 2, Chapter 37, the burden of showing which would have been upon the defendant. There is no evidence in the record to show that the table value of $35.00, placed by the company, conformed with the requirements of Section 5742, which provides how a paid-up policy shall be commuted. That it did so conform is not a matter to be assumed or taken for granted, but is one that must appear from the evidence of an actuary or other person qualified to give such evidence.

It is not conceded in this case by the plaintiff that the table value set out in the policy is equal to the net value as calculated under Section 5742, as was the case in the cases of State ex rel. Clark v. Becker, *supra;* Cave v. Missouri Insurance Company, *supra;* Adams v. Ohio National Life Insurance Company, *supra,* cited by the defendant. Those cases were tried by both parties on the theory that the table values placed by the companies on the policies conformed to Section 5742. Before any defense can be made to appear under Section 5744, there must be some evidence in the record to show that the value placed by the company on the paid-up policy conformed to Section 5742, the burden of producing which was upon the defendant. However, it did not make such contention and offered no evidence upon which to base such contention. [Simpson v. Chicago, R. I., & P. Railroad Co. (Mo.), 192 S. W. 739; Stofer v. Dunham (Mo. App.), 208 S. W. 641; McCloskey v. Koplar, 329 Mo. 527, 46 S. W. (2d) 557.]

The defendant made no claim upon the trial that its defense was under Section 5744 and offered no evidence to bring its defense within such sections. Upon the other hand, its sole contention was that its defense was under Section 5742 and was not under Section 5741. By such contention, it is concluded. Neither does the record show any defense based upon Section 5742. In the absence of any showing bringing the policy within some other section, it was operative under Section 5741 for extended insurance in an amount not less than the face amount thereof. Upon this theory, the trial court proceeded and rightly.

The judgment of the trial court is affirmed. All concur.