STATE OF MISSOURI at the relation of CARRA ADAMS, Administratrix of the Estate of CHARLES FRANCIS ADAMS, and J. H. CRAIN and W. F. WILSON, Executors of the Estate of R. E. LEE WILSON, Relator, v. PERRY T. ALLEN, ROBERT J. SMITH and JAMES F. FULBRIGHT, as Judges of the Springfield Court of Appeals.—125 S. W. (2d) 854.

Division One, March 8, 1939.

*Cecil Shane* and *Dearmont, Spradling & Dalton* for relator.

*Oliver & Oliver* and *Jones, Hocker, Gladney & Grand* for respondents.

FRANK, P. J.—Certiorari to quash an opinion of the Springfield Court of Appeals.

The action involved in this certiorari proceeding is a suit on a $5,000 insurance policy, but judgment was asked for only $3,000. The cause was tried by the Circuit Court of Scott County on an agreed statement of facts. Judgment went for plaintiff for $3,000 and defendant appealed to the Springfield Court of Appeals. The Court of Appeals reversed the judgment and remanded the cause to the circuit court with directions to that court to enter judgment for plaintiff for $368.

The policy was issued on December 29, 1922, and was lapsed on March 29, 1933, when the insured failed to pay the quarterly premium of $64.70 falling due on that date. On March 29, 1933, the date of the lapse, the policy had a cash value of $1,531.25. There was a loan against the policy for $1,300. Subtracting the loan from the cash value there was a net reserve of $231.25 in the policy on the date of its lapse. The insured died on March 26, 1934, less than one year after the policy lapsed. The parties agreed if the net cash value of the policy was applied to the purchase of paid-up insurance, it would purchase paid-up insurance in the sum of $368. They also agreed that the net cash value of the policy on the date of its lapse was sufficient to continue the policy in force for its face value of $5,000 as term or extended insurance from the date of the lapse to a date beyond the insured's death. The agreed facts present two questions, (1) was the policy, upon default, automatically commuted for nonforfeitable paid-up insurance in the sum of $368, or (2) was the policy continued for its original amount of $5,000 as temporary or extended insurance

to a date beyond insured's death. These questions must be determined from a proper construction of the provisions of the policy and the statutes applicable thereto which are as much a part of the policy as though expressly written therein.

The present statutory provisions to which we will call attention were in force and effect at the time the policy in question was written. Section 5741, Revised Statutes 1929, provides, among other things, the following:

"No policies of insurance on life hereafter issued by any life insurance company authorized to do business in this state shall, after payment upon it of three or more annual payments, be forfeited or become void by reason of non-payment of premiums thereon, but it shall be subject to the following rules of commutation, to-wit: The net value of the policy, when the premium becomes due and is unpaid, shall be computed upon the actuaries, or combined experience table of mortality with four per cent interest per annum, after deducting from three-fourths of such net value the unpaid portion of any notes given on account of past premium payments on said policy and any other indebtedness to the company secured by said policy, which notes and indebtedness shall then be canceled, the balance shall be taken as a net single premium for temporary insurance (extended insurance)."

Section 5742, Revised Statutes 1929, provides:

"At any time after the payment of three or more full annual premiums, and not later than sixty days from the beginning of the extended insurance provided in the preceding section, the legal holder of a policy may demand of the company, and the company shall issue, its paid-up policy. . . ."

Section 5743, Revised Statutes 1929, provides as follows:

"If the death of the insured occurs within the term of temporary insurance covered by the value of the policy as determined in Section 5741, and if no condition of the insurance other than the payment of premiums shall have been violated by the insured, the company shall be bound to pay the amount of the policy, the same if there had been no default in the payment of premium, anything in the policy to the contrary notwithstanding. . . ."

Section 5744, Revised Statutes 1929, provides, among other things, the following:

"The three preceding sections shall not be applicable in the following cases, to-wit: If the policy shall contain a provision for an unconditional surrender value, at least equal to the net single premium, for the temporary insurance provided for hereinbefore, or for the unconditional commutation of the policy for nonforfeitable paid-up insurance. . . ."

The four sections of the statute above quoted must be read and

construed together and when so read and construed, we find the law to be as follows:

▮ After the payment of three or more full years' premiums on a policy, upon default in the payment of any subsequent premium, the policy will not be forfeited but the net reserve or cash value of the policy will be taken as a net single premium to continue the policy for its original amount as temporary or extended insurance, for such time as the net cash value of the policy will carry it, as provided in Section 5741, unless the policy contains a provision for its unconditional commutation for nonforfeitable paid-up insurance, in which event the policy will not be continued as temporary or extended insurance, but will be commuted for nonforfeitable paid-up insurance in the amount stated in the policy as provided in Section 5744, which, in the instant case, the parties have agreed would be $368.

▮ Does the policy in question contain a provision for its unconditional commutation for nonforfeitable paid-up insurance? If it does, the policy was automatically commuted on the date of the lapse for its paid-up value, $368. If it does not, the policy was continued for its original amount as temporary or extended insurance so long as the net cash value of $231.25 would carry it, which the agreed statement of facts shows was from the date of the lapse to a date beyond the date of insured's death.

The pertinent policy provision reads as follows:

"After three full years' premiums have been paid hereon, upon default in the payment of any subsequent premium, *if the insured has selected no other option,* the company, without any action on the part of the insured, will continue this policy as a paid-up non-participating whole life policy for the amount stated in the table on the first page hereof." (Italics ours.)

This provision of the policy is not unconditional, as Section 5744 says it must be to prevent the application of Section 5741 which provides for temporary or extended insurance. Unconditional means absolute. The word "if" implies a condition. The provision says that the policy will be continued as a paid-up policy, *if* the insured has selected no other option. Under this provision the policy might never be commuted for paid-up insurance, depending upon whether or not the insured failed to select some other option.

Neither does the policy contain a provision for an unconditional surrender value equal to the net single premium for temporary insurance as provided in Section 5744.

The cash surrender clause of the policy provides, in substance, that after three full years' premiums have been paid, *if* the policy is surrendered to the company, within one month after the non-payment of any subsequent premium when due, the company will pay therefor,

within sixty days from the date of such surrender, the cash value thereof.

This is not an unconditional provision for the payment of the cash value of the policy upon its lapse after the payment of three annual premiums. The payment of the cash value of the policy is conditioned upon the surrender of the policy to the company within one month after the date of the lapse. If the policy is not surrendered within the time specified the payment of its cash value will not be made. The provision for its payment is, therefore, not unconditional.

■ Since the provisions of the policy for paid-up insurance and for cash surrender value are not unconditional as Section 5744 says they must be in order to prevent the application of Section 5741, which continued the policy for its original amount as temporary or extended insurance, the company is liable for the original amount of the policy less the indebtedness against it.

The Court of Appeals held otherwise. Its holding is that the policy provisions for paid-up insurance and for cash surrender value are unconditional and for that reason plaintiff was entitled to recover only $368, the paid-up value of the policy. In our judgment this holding conflicts with our prior ruling in Bothmann v. Metropolitan Life Insurance Co., 299 Mo. 269, 252 S. W. 652.

The policy in the Bothmann case offered the insured three options in case the policy lapsed after the payment of three full years' premiums, (1) a cash surrender value, (2) continuance of the policy for its original amount as extended insurance, and (3) a reduced amount of paid-up insurance. The policy contained a further provision to the effect that if the insured did not within three months from the date of default in payment of premiums, surrender the policy for one of the above options, the policy would be continued for a reduced amount of paid-up insurance as provided in the third option.

The policyholder in the Bothmann case defaulted in the payment of the annual premium of $15.19 due on July 30, 1918, after six annual premiums had been paid. No further premiums were paid. Bothmann died on December 3, 1918. On July 30, 1918, the date of the lapse, the policy had a cash value of $37.97 which, if applied to the purchase of paid-up insurance, would have purchased a policy of paid-up insurance for $112.97, or if used as a net single premium for temporary or extended insurance, would have continued the policy for its original amount of $1,000 from the date of the lapse of the policy to a date beyond the date of Bothmann's death. The plaintiff in that case contended she was entitled to recover $1,000, the original amount of the policy, as temporary or extended insurance. The company contended she was entitled to recover only $112.97, the paid-up value of the policy, on the ground that the policy contained a provision for its unconditional commutation for paid-up in-

surance in case of default after three or more annual premiums had been paid. The judgment of the trial court was for plaintiff for $112.97. On appeal to the St. Louis Court of Appeals, that court adopted the company's construction of the policy and approved the finding for plaintiff for $112.97. The cause was then certified to this court on the ground that the opinion of the St. Louis Court of Appeals conflicted with the ruling of the Kansas City Court of Appeals in Ross v. Capitol Life Insurance Company, 205 Mo. App. 243, 228 S. W. 889.

On certification, we reached an exact opposite conclusion from that reached by the St. Louis Court of Appeals. We held that the policy provision for paid-up insurance was not unconditional and for that reason did not remove the policy from the operation of the statute providing for temporary or extended insurance. In so holding, we, among other things, said:

"It will be seen by these cases that a surrender value, or a paid-up policy, to be allowed an insured, is not unconditional if there is any limitation as to the time or circumstances under which it is to take effect. If it is to become effective at a certain time or upon the existence of certain facts, whether anything is required of the insured or not, it is conditional and not within the terms of Section 6154.

"II. Another important feature to consider in determining whether such a provision in a policy is unconditional is mentioned in some of the cases. In order that the clause of the contract under consideration should avail to take the case out of the operation of the non-forfeitable statutes, after three annual premiums are paid, it must operate at the time of default. [Whittaker v. Insurance Co., 133 Mo. App. 664; Paschedag v. Insurance Company, 155 Mo. App. 1. c. 195.]

"This would seem to be a reasonable construction of the statute, Section 6154, which requires that the policy shall contain a provision *'for the unconditional commutation of the policy for non-forfeitable paid-up insurance.'* If the provision is entirely unconditional the vesting of the right under it must be automatic at the moment of the lapse; otherwise it would be conditional."

While the policy provision in the Bothmann case regarding the continuance of the policy for a reduced amount of paid-up insurance in case of default, is not identical with the provision in the policy involved in the instant action, both provisions, as a matter of law, require the application of the same rule. According to the provisions of both policies their continuance for a reduced amount of paid-up insurance in case of default, is conditioned upon the insured's failure to select some other option offered by the policy. We held in the Bothmann case that the policy provision for paid-up insurance in

case of default was not unconditional and for that reason the policy was continued for its original amount as temporary or extended insurance. In the case now under review, the Court of Appeals held otherwise. Since the provisions of the policies in both cases are sufficiently similar to require the application of the same rule of law, we must hold that the ruling of the Court of Appeals conflicts with our ruling in the Bothmann case.

State ex rel. Clark v. Becker, 335 Mo. 785, 794, 73 S. W. (2d) 769, is cited in support of the Court of Appeals' ruling. The cited case does not support the ruling because of the radical difference in the two policies involved. Note the policy provision in the Clark case:

"After three full annual premiums shall have been paid hereon, then in case of default in the payment of any subsequent premium or installment . . . without action on the part of the holder, the policy will be continued for its value in participating paid-up life insurance. . . ."

Summed up, it may be stated that the policy in the Clark case provides that in case of default the policy *will be continued* for its value as paid-up insurance, without any ifs or ands about it, while the policy in the Court of Appeals' case provides that in case of default the policy will be continued as a paid-up policy, *if the insured has selected no other option.* In other words the policy provision in the Clark case is unconditional, while the provision in the Court of Appeals' case is conditional.

For the reasons stated, the record of the Court of Appeals should be quashed. It is so ordered.

PER CURIAM:—The foregoing opinion prepared by the late WILLIAM F. FRANK, Presiding Judge of Division One, being unsigned at the time of his death, is now adopted as the opinion of the court. All the judges concur, except *Lucas, J.,* not sitting because not a member of the court when cause was submitted.

### ON MOTION FOR REHEARING.

PER CURIAM:—On motion for rehearing it is contended that the opinion herein is squarely in conflict with the opinion of this court in State ex rel. Clark v. Becker, 335 Mo. 785, 73 S. W. (2d) 769. It is argued that there is no substantial difference between the paid-up insurance provision in the policy under consideration in this case and the paid-up insurance provision in the policy considered in that case.

The policy in State ex rel. Clark v. Becker provided that, in case of default after payment of three premiums, *"without action on the part of the holder,* the policy will be continued for its value in participating paid-up insurance." We held that this provided "unconditional commutation of the policy for nonforfeitable paid-up

insurance." It is true that the policy in that case by Option B provided that "if the holder so elect, the policy will be terminated and the surrender value paid in cash." But that meant that such right was given to the holder to terminate it and take the cash *after* the unconditional commutation of the policy for nonforfeitable paid-up insurance had occurred. This right continued thereafter during the holder's lifetime and the cash surrender value increased yearly. Likewise, the policy by Option C provided that for ninety days after default the holder had the right to change the nonforfeitable paid-up insurance to extended term insurance for the face amount. This was also a right that accrued *after* the unconditional commutation of the policy for nonforfeitable paid-up insurance had occurred, but continued thereafter for only a limited period. It does not violate the nonforfeiture statutes to provide for the holder to have the right to change his mind and take either cash or some other form of insurance *after* the unconditional commutation of a policy for nonforfeitable paid-up insurance has occurred. What does violate it is to place any limitation upon its taking effect or to require any action, election or condition precedent of any kind to put such paid-up insurance into effect. It must become effective automatically at the moment of default, but after it has become effective the holder and the company can make any further agreement they desire to make because the statutes are not concerned with what they may do afterwards, but only with what the holder gets automatically upon default.

In this case, the policy provides that (upon default after payment of three premiums) "the company, without action on the part of the insured, will continue this policy as a paid-up non-participating whole life policy" only "*if the insured has selected no other option.*" Therefore, the matter of whether the insured has selected any other option has to be determined after default before anyone could say whether or not the holder could have paid-up insurance. Who is to determine that question, and when, and how? The policy does not say. How long does the holder have to select some other option? Up to the moment of default? Or thereafter, and if so, for how long thereafter? Again the policy does not say. By what method is the holder to select some other option; by written contract, by letter, or by calling up on the telephone. Once more the only answer is: The policy does not say. How, then, can the holder, or anyone else, tell what kind of insurance he has at the moment of lapse? Does not this policy, then, require him after default to make some request to have the question determined or to ask for what he wants? The nonforfeiture statutes meant to require that this should be so definitely provided that the holder could tell, from reading his policy only, either before or after default, what he has at the moment of default. Paid-up insurance must take effect, in any event, automatically at the moment

of default, or the policy fails to provide for an unconditional commutation of the policy for nonforfeitable paid-up insurance. If that is not provided, then the nonforfeiture statutes provide for and substitute from the moment of default extended term insurance for the face amount of the policy. The opinion, herein, holds that the condition in the provision for paid-up insurance *"if the insured has selected no other option,"* prevents an automatic commencement upon the moment of default of nonforfeitable paid-up insurance. To say the least the insertion of this condition in such language into a so-called automatic option for paid-up insurance makes the provision so indefinite that no one can say whether or not it provides for nonforfeitable paid-up insurance to commence automatically at the moment of default. We, therefore, hold that it does not conflict with State ex rel. Clark v. Becker, in which the automatic provision of the policy was definite and certain.

The motion for rehearing is overruled.