MARY E. NIELSEN, RESPONDENT, v. AMERICAN UNION LIFE INSURANCE COMPANY, A CORPORATION, APPELLANT.—155 S. W. (2d) 515.

Kansas City Court of Appeals. February 17, 1941.

498

*Brown, Douglas & Brown* for appellant.

*Gerlash & Gerlash* and *Cook & Wulber* for respondent.

500

CAMPBELL, C.—This is an action on a policy of life insurance in the amount of $2000, issued by defendant to John Nielsen under date of November 28, 1930. Trial of the cause to the court without the aid of a jury resulted in a judgment for plaintiff for the amount of the policy with interest, less the unpaid annual premium, $131.52, due November 28, 1938, $186.84 penalty and $750 attorneys' fee. The defendant has appealed.

The insured paid eight annual premiums, the last on November 28, 1937, and failed to pay the premium due November 28, 1938. He died June 18, 1939. In due time thereafter plaintiff's beneficiary in the policy furnished to defendant proofs of the death of the insured, and thereupon defendant offered to pay to plaintiff $758, the amount of paid-up insurance and $53.82 dividend credited to the policy. The offer was refused and this suit followed.

The single question presented on this appeal is, did the policy contain a provision to the effect that upon default in the payment of a premium after the third for the unconditional commutation of the policy for nonforfeitable paid-up insurance within the meaning of section 5744, Revised Statutes 1929? If this question is answered yes, then the amount defendant offerd to pay was the correct amount. If answered no, then the policy was continued in force for the full amount stated therein to a time beyond the date of the death of the insured. [Sec. 5741, R. S. 1929.] The nonforfeiture provisions of the policy proper are as follows:

"Non-Forfeiture and Loan Provisions.

"After payment of premiums for three or more full years the following options shall be effective:

"Cash Surrender Value—At any time within sixty days after default in payment of any premium the Company will pay upon request, and upon a full and valid surrender of this policy and all claims thereunder, a cash surrender value in accordance with the accompanying table, less any existing indebtedness to the Company on account of this policy.

"Paid-Up or Extended Insurance—Upon written request, at any time prior to, or within sixty days after default in payment of premium, the Company will, after such default, either continued this policy for a reduced amount of non-participating paid-up insurance in accordance with the accompanying table, or extend and continue in force the face amount of this policy as non-participating term insurance in accordance with the accompanying table.

"Automatic Paid-Up Insurance—Upon default in the payment of premium, and provided the Insured shall not select one of the above options, this Policy shall be binding upon the company as non-participating PAID-UP INSURANCE of a reduced amount, in accordance with the accompanying table, payable at the same time and upon the same conditions as in the original contract.

"Cash Loans—If this policy be not then extended as term insurance, the Company will advance, on proper assignment of this policy and on the sole security thereof, with interest at the rate of six per cent per annum (subject to the laws of the State in which the insured resides at time of issuance of this policy), a sum equal to, or, at the option of the insured, less than the amount stated in the accompanying table of loan and surrender values, in accordance with the number

of years for which premiums have been fully paid. Such loan may be deferred for not exceeding sixty days after application therefor is made. The Company will deduct from such loan value any existing indebtedness on or secured by this policy and any unpaid balance of the premium for the current policy year. Interest in advance shall be payable to the end of the current policy year and thereafter shall be payable annually in advance. Any interest so payable and not paid shall be added to the principal and bear interest at the same rate. In the event of failure to pay any loan on this policy no forfeiture shall occur until the loan and interest thereon is equal to the loan value, nor until one month after notice has been mailed by the company to the last known address of the insured and of the assignee, if any, but failure to repay such loan after the total indebtedness as aforesaid shall equal said loan value and after giving such notice, shall render the policy void.''

It is not claimed nor could it be that any of the provisions just quoted provided for the unconditional commutation of the policy into nonforfeitable paid-up insurance within the meaning of section 5744.

Paragraph 7 of the insured's application for insurance follows:

''In the event of default in payment of any premium on any policy issued hereunder after premiums for three years shall have been fully paid, I hereby direct that the Company shall continue such policy as non-participating paid-up insurance of such reduced amount as the then value of such policy, less any indebtedness, will purchase.''

In construing the contract of insurance we must consider the application and the policy proper for the reason they constitute the entire contract. [Prague v. International Life Ins. Co., 329 Mo. 651, 46 S. W. (2d) 523; State ex rel. v. Allen et al., 295 Mo. 307, 243 S. W. 839, 842; Hampe v. Metropolitan Life Ins. Co., 21 S. W. (2d) 926.]

As stated, it is not claimed that any of the nonforfeiture provisions of the policy itself provided for the unconditional commutation of the policy for nonforfeitable paid-up insurance. It is claimed that paragraph 7 of the application provided for such unconditional commutation of the policy. By paragraph 7 the insured directed the insurer in event of default in the payment of a premium after the third to continue the ''policy as nonparticipating paid-up insurance of such reduced amount as the then value of such policy . . . will purchase.''

The plaintiff argues the application was merely an offer to accept a contract of insurance. The application, when made, was nothing more than a proposal, but when the defendant issued the policy and expressly made the application a part of the contract the provisions of the application became a part of the contract as effectively as though they were written into the policy proper.

The application and the policy proper constituted the entire contract; that contract provided for the unconditional commutation of the policy for nonforfeitable paid-up insurance upon default in the payment of a premium after three annual premiums had been paid. The contract therefore was within the provisions of section 5744. [State ex rel. v. Becker, 335 Mo. 785, 73 S. W. (2d) 769; State ex rel. v. Allen, 125 S. W. (2d) 854.]

The defendant further contends the policy did not contain the provisions relating to paid-up insurance "mentioned in the application;" that the policy was therefore a counter offer which was accepted by the insurer. The argument does not take into consideration the fact that by the express terms of the policy the application was a part of the entire contract of insurance.

In the case of State ex rel. v. Becker, *supra*, the policy provided that upon default, after the payment of three or more annual premiums, the policy will be continued for its value in paid-up life insurance. The policy also contained options quite similar to the options in the instant policy. In speaking of the policy involved in that case, the Supreme Court in the case of State ex rel. v. Allen, *supra*, said:

. "The policy in State ex rel. Clark v. Becker, *supra*, provided that, in case of default after payment of three premiums, 'without action on the part of the holder, the policy will be continued for its value in participating paid-up life insurance.' [Page 770.] We held that this provided 'unconditional commutation of the policy for non-forfeitable paid-up insurance.' It is true that the policy in that case by Option B provided that 'if the holder so elect, the policy will be terminated and the surrender value paid in cash.' But that meant that such right was given to the holder to terminate it and take the cash after the unconditional commutation of the policy for nonforfeitable paid-up insurance had occurred. This right continued thereafter during the holder's lifetime and the cash surrender value increased yearly. Likewise, the policy by Option C provided that for ninety days after default the holder had the right to change nonforfeitable paid-up insurance had extended term insurance for the face amount. This was also a right that accrued after the unconditional commutation of the policy for non-forfeiture paid-up insurance had occurred, but continued thereafter for only a limited period. It does not violate the nonforfeiture statutes to provide for the holder to have the right to change his mind and take either cash or some other form of insurance after the unconditional commutation of a policy for nonforfeitable paid-up insurance has occurred. What does violate it is to place any limitation upon its taking effect or to require any action, election or condition precedent or any kind to put such paid-up insurance into effect."

We conclude that the doctrine announced in the two cases last cited requires this court to hold that the instant contract upon default in

the payment of the premium in 1938 provided for the unconditional commutation of the policy as provided in section 5744; that the options stated in the policy granted rights to the insured which he could exercise after such paid-up insurance was in effect, and for that reason the options do not contradict the paid-up provision. It follows that plaintiff was entitled to receive the paid-up insurance, $758, and the sum of $53.82 surplus.

The plaintiff contends that under the provision in the policy which provided that in event of the death of insured while in the military or naval service in time of war, the liability of the defendant was limited to return of the premium paid with 5 per cent interest thereon was a condition limiting the amount of recovery. The provision undoubtedly limited the amount of recovery in event the insured died while in military or naval service. It must be remembered that absent statutory inhibition the parties were free to make their own contracts. Attention is not called to any statute nor have we found one which renders such provision unlawful; and that provision does not affect any other provision of the contract.

We have considered the cases upon which plaintiff relies. Each of them is based upon the terms of the contract involved in the action, and in none of them were the provisions the same as the conditions of the present contract.

Prior to the institution of the suit defendant offered to pay to plaintiff the amount we hold she was entitled to have and defendant was therefore not liable for penalties. The record does not show the defendant at any time made a formal legal tender of the amount it admitted to be due.

The defendant's answer, filed some three months subsequent to the institution of the suit, alleged that prior to the filing of the suit defendant tendered to plaintiff the sum of $758 and that it offered to pay said sum to the clerk of the court "for the account of plaintiff." Such tender was not sufficient to prevent the recovery of interest and costs. [Hart v. John W. Rowan Publishing Company, 88 S. W. (2d) 264; Ray Realty Co. v. Holtzman, 119 S. W. (2d) 981.]

The judgment is reversed and the cause remanded with direction to proceed as herein indicated. Sperry, C., concurs.

PER CURIAM:—The foregoing opinion of CAMPBELL, C., is adopted as the opinion of the court. The judgment is reversed and the cause remanded with direction to proceed as herein indicated. All concur.

## ON REHEARING.

BLAND, J.—After carefully reconsidering this case we have decided to adhere to the decision rendered by the court upon its original submission and we again adopt the opinion of CAMPBELL, Commissioner, delivered at that time.

The provision in the policy providing that, in the event of the death of the insured while in military or naval service in time of war, the liability of the defendant would be limited to the return of the premium paid with 5 per cent interest thereon, made the payment of the amount of the policy conditional from its very issuance, but made no other provision conditional, such as the provision for nonforfeitable paid-up insurance, within the meaning of section 5744, Revised Statutes 1929 (sec. 5855, R. S. 1939). Otherwise, an insured might improve his situation with reference to his policy by ceasing the payments of premiums upon entering military or naval services in time of war.

There is nothing in the statute indicating that it was intended as a restriction, direct or indirect, upon the right of an insurance company to write a life insurance policy excluding or limiting liability for certain causes of death, such as the one in this instance. These restrictions are valid ones. [Reid v. Am. Nat'l Assur. Co., 204 Mo. App. 643; 37 C. J., pp. 383, 546.]

The judgment is reversed and the cause remanded. All concur.